**METRIC HOSIERY CO., Inc., Plaintiff,**

v.

**SPARTANS INDUSTRIES, INC., Maro Industries, Inc., Herbert Rounick, Jack Rounick and Leonard Blackman, Defendants.**

**No. 67 Civ. 4003.**

United States District Court,
S. D. New York.

March 24, 1970.

Alba, Levy & Garofalo, New York City, for plaintiff; Gabriel I. Levy, New York City, of counsel.

Parker, Chapin & Flattau, New York City, for defendants; Alvin M. Stein, Mark Abramowitz, New York City, of counsel.

MANSFIELD, District Judge.

In this private antitrust suit for treble damages pursuant to § 4 of the Clayton Act, in which plaintiff alleges, among other things, that it was damaged by defendants' merger in violation of § 7 of the Clayton Act, plaintiff moves pursuant to Rule 12(f) to strike defendants' affirmative defense to the effect that the alleged violations of § 7 "give rise to no private remedy, so that the Second Count alleged in the complaint [charging violation of § 7] fails to state a cause of action." For the reasons stated below the motion is granted.

The second count of the complaint alleges that plaintiff, a hosiery mill agent, was the main supplier of certain types of hosiery to stores of E. J. Korvette, Inc. ("Korvette") until 1966 when defendant Spartans Industries, Inc. ("Spartans") and its subsidiary Maro Industries, Inc. ("Maro"), a competitor of plaintiff, were merged into Korvette, which changed its name to Spartans. Plaintiff claims it was then eliminated as a supplier to Spartans', formerly Korvette's, stores and suffered damage.

In its recent decision in Gottesman v. General Motors Corporation, 414 F.2d 956 (2d Cir.1969), the Second Circuit Court of Appeals held that a violation of § 7 of the Clayton Act furnishes a basis for a claim for money damages under § 4 of the Act, thus aligning itself on this issue with the Fifth Circuit, Dailey v. Quality School Plan, Inc., 380 F.2d 484 (5th Cir.1967), rather than with the views expressed by the Eighth Circuit in Highland Supply Corp. v. Reynolds Metals Co., 327 F.2d 725 (8th Cir.1964). Despite *Gottesman* defendants contend that plaintiff's suit based upon alleged violation of § 7 fails to state a cause of action.

■ Defendants' first argument is to the effect that the motion should be denied on the ground that plaintiff has failed to show that it will suffer any prejudicial harm as a result of allowing the defense to stand in the answer. While it is true that motions to strike are not encouraged, Tivoli Realty v. Paramount Pictures, 80 F.Supp. 800, 803 (D.Del.1948); Maschmeijer v. Ingram, 97 F.Supp. 639 (S.D.N.Y.1951); Garlock v. New York Tree Savers, Inc., 199 F.Supp. 59 (W.D.N.Y.1961); South Side Drive-In Co. v. Warner Bros. Pictures Dist. Corp., 30 F.R.D. 32 (E.D.Pa.1962), the situation here calls for more definitive action at an early stage in the proceeding than might otherwise be required since plaintiff must decide whether to invest a great deal of time, effort and money in the preparation of his § 7 claim for trial. If we were to uphold the defense as a matter of law,

on the other hand, plaintiff might decide against such an outlay.

█ Defendants next contend that since the evidence so far uncovered in pretrial discovery proceedings establishes that plaintiff's hosiery sales to Spartans increased in 1966, thus negating the existence of any damage resulting from merger, the motion should be denied on the ground that plaintiff will be unable to establish its § 7 claim at trial. Although this may well be the eventual outcome, the argument confuses the issue before us, which is not whether plaintiff will be able to prove what is alleged but whether, assuming its allegations are proved, the violations will not give rise to a private remedy and thus would fail "to state a cause of action" (Ans. Par. TWENTY–SIXTH). Should plaintiff fail at trial to establish his claim it would be dismissed, but not because the alleged violations of § 7 fail to state a cause of action.

█ Lastly defendants argue that the alleged § 7 violations are not governed by *Gottesman*, which defendants seek to distinguish on the grounds that plaintiff here "is an outside supplier, not one of the parties to the merger" (as the case in *Gottesman*) and that here the acquiring company (Spartans) is not the competitive supplier (as was du Pont in *Gottesman*) but the purchaser. We fail to see any validity or substantive significance to these distinctions. Plaintiff here is simply claiming that it was injured by the alleged unlawful merger of its competitor, Maro, into Spartans for the reason that thereafter plaintiff was cut off as a supplier to Spartans and Maro was substituted. Accepting as true these allegations, as we must at this stage, plaintiff would be injured just as much as would be a party to a merger claiming some other type of resulting injury.

The motion is granted.

It is so ordered.