Augustine VELEZ, Plaintiff,

v.

Peter M. LISI, individually and as Principal/Superintendent of the Pocantico Hills Central School District, Gloria J. Colucci, individually and as Assistant Superintendent/Business and District Clerk of the Pocantico Hills Central School District, and the Pocantico Hills Central School District, Defendants.

No. 95 Civ. 1233 (BDP).

United States District Court,
S.D. New York,

Dec. 15, 1995.

Jonathan Lovett, Lovett & Gould, White Plains, NY, for Plaintiff.

Michale J. McDermott, Plunkett & Jaffe, White Plains, NY, for Defendants.

### MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

The plaintiff, Augustine Velez ("Velez"), instituted this action pursuant to 42 U.S.C. § 1983 against Peter A. Lisi ("Lisi"), the Principal/Superintendent of the Pocantico Hills Central School District ("the School District"), Gloria J. Colucci Assistant Superintendent/Business and District Clerk of the School District and the School District itself (collectively referred to as "defendants"), on the grounds that defendants violated his various state law rights and constitutional rights to due process, free speech, and freedom from unlawful search and seizures. In his complaint, Velez seeks compensatory damages, punitive damages, reinstatement, back pay, and seniority rights.

Now before the court is defendants' motion, pursuant to Fed.R.Civ.P. 12(f) to strike paragraphs 7[1], 8[2],

1. Paragraph 7 alleges:

In or about July–August of 1994, Defendants determined, for discriminatory reasons premised upon Plaintiff's national origin (Hispanic) to terminate his employment with the District. With a view towards coercing his termination and/or firing him in violation of his rights as guaranteed him by reason of federal and New York State law, Defendants entered into a plan to prepare a false "paper trail" with respect to supposed misconduct of Plaintiff and then prosecute him on disciplinary charges pertaining thereto in the event that he did not resign."

2. Paragraph 8 alleges:

9[3], 14[4], 15[5] of the first amended complaint. The allegations at issue are as follows: Velez, an hispanic male, is employed as the Supervisor of Transportation by the School District. Lisi and Colucci, motivated by animus towards Hispanic individuals, conspired to terminate Velez's employment with the school district. To that they agreed that Lisi would prepare a "false paper trail" and would testify falsely at a disciplinary hearing. The two then drew up false disciplinary charges. On January 13, 1995, without the required prior approval of the Board of Education or a hearing, Lisi and Colucci suspended Velez without pay for a thirty day period. On February 20, 1995, Lisi and Colucci commenced a prosecution of Velez on the subject of the disciplinary charges. In connection with the disciplinary hearing, Velez through Counsel expressed his opinion that the two were incompetent and had committed a series of unlawful acts, including the subornation of perjury.[6] In response to Velez's claims at the hearing, Lisi and Colucci broke into his desk and rummaged through his belongings. Finally, in further retaliation, defendants refused to restore Velez's pay after the thirty day suspension had run, and instead paid him on a per diem basis.

> In furtherance of that plan Colucci and Lisi met and agreed that Lisi would prepare the "paper trail" and would testify falsely against Plaintiff at a disciplinary hearing to be instituted and illegally prosecuted unilaterally by Lisi. Lisi further agreed to testify falsely at the subject hearing.

3. Paragraph 9 alleges:
> In connection with that plan Lisi and Colucci drew up certain disciplinary charges and, without the prior approval of the Board of Education of the District, agreed to suspend Plaintiff without pay upon the service of the subject disciplinary charges.

4. Paragraph 14 alleges:
> Notwithstanding their utter lack of authority, on or about February 20, 1995, Lisi and Colucci, acting on behalf the District, commenced the prosecution of Plaintiff on the subject disciplinary charges.

5. Paragraph 15 alleges:
> In connection with the subject disciplinary hearing Plaintiff, through counsel, expressed his opinion repeatedly that (a) Lisi had, in violation of state law, impermissibly arrogated

In February 1995, Velez filed this action alleging that Defendants violated his due process and state law rights to a pre-deprivation hearing, retaliated against him in violation of his First Amendment rights, violated his fourth amendment right and state law rights to be free from unlawful searches and seizures, and violated his First Amendment and state law rights to petition the government for redress of grievances.

## DISCUSSION

■ Rule 12(f) of the Fed.R.Civ.P. provides:

> Upon motion made by a party ... or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter

A motion to strike is an extraordinary remedy which will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir.1976). However, where the materiality of the alleged matter is highly unlikely or where its effect would be prejudicial, the Court may order it stricken. *Lipsky*, 551 F.2d at 893; see also

> to himself the powers of the Board of Education of the Defendant District, (b) Lisi had, as Superintendent of the District, incompetently administered the District and/or the District's school facility, (c) Lisi and Colucci had, in violation of New York State Civil Service Law unlawfully arrogated to themselves the power to suspend without pay subordinate employees of the District, (d) that Lisi and Colucci had, in the maladministration of the District, deliberately withheld supplies necessary to the proper and safe operation of the school district for the improper retaliatory purpose of causing injury to Plaintiff, (e) that Lisi incompetently investigated a parent's complaint, pandered to the parent, and then in order to cover up his own incompetence testified falsely with respect to the same, (f) that Lisi has suborned perjury from Colucci, (g) that Lisi is knowingly wasting assets of the school district, and *inter alia*, (h) that Lisi knowingly permitted a fire hazard to exist in the district school, placing students' lives at risk, so as to be able to pretextually criticize Plaintiff with the respect to that hazard at the subject disciplinary proceeding.

6. See note 5, supra.

*Burger v. Health Insurance Plan of Greater New York*, 684 F.Supp. 46, 52 (S.D.N.Y.1988). Defendants argue that they will be prejudiced by Velez's allegations of perjury and criminal misconduct. Moreover, they argue that plaintiff's claims are baseless and were only asserted to harass and intimidate Lisi and Colucci.

The Court finds that each of the allegations raised in the complaint is sufficiently related to the plaintiff's overall claim that defendants entered into and acted upon a conspiracy to retaliate against him for exercising his right to free speech and to violate various other constitutional and state law rights. While these allegations may not pass Rule 11 scrutiny at a later stage in the litigation, we cannot say at this time that they have no possible bearing on the subject matter of plaintiff's claim.

### CONCLUSION

For the foregoing reasons, Defendants' motion to strike is denied.

**SO ORDERED.**