ESTEE LAUDER, INC., Origins Natural Resources, Inc., Clinique Laboratories, Inc., and Prescriptives, Inc., Plaintiffs,

v.

The FRAGRANCE COUNTER, INC. and Excite, Inc., Defendants.

No. 99 Civ. 0382(RWS).

United States District Court, S.D. New York.

Sept. 23, 1999.

Weil, Gotshal & Manges, New York City, by Alan J. Weinschel, Elizabeth S. Weiswasser, Elizabeth R. Forminard, of counsel, Cowan, Liebowitz & Latman, New York City, by Joshua Paul, Richard S. Mandel, Jonathan Z. King, Meichelle R. MacGregor, of counsel, for plaintiffs.

Sonnenschein Nath & Rosenthal, New York City, by Michael A. Bamberger, Kathryn C. Spann, of counsel, Sonnenschein Nath & Rosenthal, San Francisco, CA, by Curtis E.A. Karnow, Stephan L. Eberle, of counsel, for defendants.

## OPINION

SWEET, District Judge.

Plaintiffs Estee Lauder Inc., Origins Natural Resources Inc., Clinique Laboratories, Inc., and Prescriptives, Inc. ("Plaintiffs") have moved, pursuant to Federal Rule of Civil Procedure 12(f), to strike Defendant Excite Inc.'s ("Excite") Tenth Affirmative Defense of "trademark misuse," and, pursuant to Federal Rule of Civil Procedure 26(c), for a protective order precluding discovery concerning the same. For the reasons set forth below, the motion is denied.

### Prior Proceedings

Plaintiffs, well-known companies in the beauty industry and holders of several trademarks ("Estee Lauder," "Origins," "Clinique," and "Prescriptives"), filed suit in this Court on January 19, 1999, raising unfair competition, trademark infringement, false advertising, and trademark dilution claims arising from the allegedly unlawful Internet marketing practices of defendants The Fragrance Counter ("TFC") and Excite (together with TFC, the "Defendants"). Excite's answer to Plaintiffs' complaint, filed on February 17, 1999, raises several affirmative defenses. Excite's Tenth Affirmative Defense, the object of Plaintiffs' instant motion, asserts that:

> Plaintiffs' claims are barred in whole or in part by the doctrines of unclean hands, comprising trademark misuse and unfair competition under the laws of the State of New York in seeking to utilize trademark law, among other things, to restrict competition among retailers, reduce price competition among retailers, and make an unlawful agreement among plaintiffs and others unknown to do these things.

Excite's Answer to Plaintiffs' Complaint, ¶ 125.

On February 24, 1999, Excite served its first request for production of documents (the "First Request") on Plaintiffs. The First Request included 21 requests relating to Plaintiffs' relationships with its "authorized dealers."

On March 5, 1999, Plaintiffs filed their First Amended Complaint (the "FAC"). On March 10, 1999, Plaintiffs served their responses to Excite's First Request.

On March 25, 1999, Excite filed its answer to the FAC, alleging the identical Tenth Affirmative Defense.

On May 21, 1999, Excite noticed the depositions, pursuant to Federal Rule of Civil

Procedure 30(b)(6), of an individual at each of Plaintiffs, having knowledge of certain matters, including the nature of "authorized dealer" relationships Plaintiffs referenced in their complaints.

On May 27, 1999, Plaintiffs filed the instant motion, to strike Excite's Tenth Affirmative Defense, pursuant to Federal Rule of Civil Procedure 12(f), and for a protective order precluding discovery concerning the same, pursuant to Federal Rule of Civil Procedure 26(c). Oral argument on the motion was heard on June 25, 1999, at which point the motion was deemed fully submitted.

### Discussion

### I. The 12(f) Motion

#### A. The Motion Is Not Time–Barred

■ Rule 12(f) provides:

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed.R.Civ.P. 12(f). Before considering the merits of Plaintiffs' 12(f) motion, it is necessary to address, as a threshold matter, Excite's contention that the motion is time-barred. As recounted above, Excite asserted the challenged affirmative defense in its answer to the original Complaint. Excite's answer was filed on February 17, 1999. Rule 12(f) calls for a motion to strike to be made "within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time." Fed.R.Civ.P. 12(f). The instant motion was filed on May 27, 1999—well over two months after the 20–day deadline imposed by Rule 12(f).

Plaintiffs' delay, however, presents no bar to considering the motion on its merits. Rule 12(f) clearly permits a "Court on its own initiative, at any time, to strike any redundant, immaterial, impertinent or scandalous references in a [pleading]. In effect, the Court's discretion renders the twenty (20) day rule 'essentially unimportant.' " Wine Mkts. Int'l, Inc. v. Bass, 177 F.R.D. 128, 133 (E.D.N.Y.1998) (citing Ciminelli v. Cablevision, 583 F.Supp. 158, 161 (E.D.N.Y. 1984)). "The Court is clearly given the authority, at any time, to consider a motion to strike even if made after the twenty (20) day period." Id. (citing Uniroyal, Inc. v. Heller, 65 F.R.D. 83, 86 (S.D.N.Y.1974)).

Plaintiffs' motion is untimely and should have been made, at the latest, within 20 days from the date of service on Plaintiffs of Excite's Answer to Plaintiffs' Amended Complaint. Nevertheless, given the Court's discretion in striking insufficient defenses under Rule 12(f), the motion will not be denied for untimeliness.

#### B. The Standard of Review for Striking an Affirmative Defense Under Rule 12(f)

■ It is well-established in this Circuit that "[a] motion to strike an affirmative defense under Rule 12(f), Fed.R.Civ.P. for legal insufficiency is not favored." William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir.1984), vacated on other grounds, 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986); see also SEC v. Toomey, 866 F.Supp. 719, 721–22 (S.D.N.Y.1992); Carter–Wallace, Inc. v. Riverton Labs., Inc., 47 F.R.D. 366, 367–68 (S.D.N.Y.1969).

■ Three prerequisites must be satisfied before a motion to strike an affirmative defense will be granted. First, a motion to strike an affirmative defense "will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.' " Salcer, 744 F.2d at 939 (quoting Durham Indus. v. North River Ins. Co., 482 F.Supp. 910, 913 (S.D.N.Y.1979)); see also Morse/Diesel Inc. v. Fidelity & Deposit Co., 763 F.Supp. 28, 34 (S.D.N.Y.1991). To this end, defendant's pleadings must be construed liberally. See Bennett v. Spoor Behrins Campbell & Young, Inc., 124 F.R.D. 562, 564 (S.D.N.Y.1989); Oliner v. McBride's Indus., Inc., 106 F.R.D. 14, 17 (S.D.N.Y. 1985).

Second, "even when the facts are not disputed, ... a motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law[,] ... particularly [when] there has been no significant discovery." *Salcer,* 744 F.2d at 939 (citations and internal quotation marks omitted).

Third, plaintiff must show that it is prejudiced by the inclusion of the defense. *See Oliner,* 106 F.R.D. at 17; *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381, at 672 (2d ed.1990). Increased time and expense of trial may constitute sufficient prejudice to warrant granting plaintiff's Rule 12(f) motion. When "the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim." *FDIC v. Eckert Seamans Cherin & Mellott,* 754 F.Supp. 22, 23 (E.D.N.Y.1990); *see also Metric Hosiery Co. v. Spartans Indus., Inc.,* 50 F.R.D. 50, 51–52 (S.D.N.Y.1970).

## C. *The Tenth Affirmative Defense Is Not So Insufficient as to Satisfy the Prerequisites of a Motion to Strike*

### 1. *The Tenth affirmative Defense Is Not Insufficient as a Matter of Law*

■ The doctrine of unclean hands is recognized as a valid defense in an appropriate trademark infringement or unfair competition case, and "can constitute a bar to some or all of the relief sought." 5 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 31:44 (4th ed.1999). "A court may deny injunctive relief based on the defense of unclean hands 'where the party applying for such relief is guilty of conduct involving fraud, deceit, unconscionability, or bad faith related to the matter at issue to the detriment of the other party.'" *Estate of Lennon v. Screen Creations, Ltd.,* 939 F.Supp. 287, 293 (S.D.N.Y.1996) (*quoting Performance Unlimited, Inc. v. Questar Publishers, Inc.,* 52 F.3d 1373, 1383 (6th Cir.1995) (*quoting Novus Franchising, Inc. v. Taylor,* 795 F.Supp. 122, 126 (M.D.Pa. 1992))).

■ However, "the defense of unclean hands applies only with respect to the right in suit." *Warner Bros. Inc. v. Gay Toys, Inc.,* 724 F.2d 327, 334 (2d Cir.1983). "What is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts." *Project Strategies Corp. v. National Communications Corp.,* 948 F.Supp. 218, 227 (E.D.N.Y.1996) (*quoting Republic Molding Corp. v. B.W. Photo Util.,* 319 F.2d 347, 349–50 (9th Cir. 1963)), *aff'd* 168 F.3d 1320 (Fed.Cir.1998); *see also Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co.,* 324 U.S. 806, 814–15, 65 S.Ct. 993, 89 L.Ed. 1381 (1945) ("[W]hile equity does not demand that its suitors shall have led blameless lives, as to other matters, it does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue.") (citations and internal quotation marks omitted).

■ There is general agreement that "[a]n essential element of the antitrust misuse defense in a trademark case is proof that the mark itself has been the basic and fundamental vehicle required and used to accomplish the violation. Although the burden of establishing such a direct misuse is a heavy one, it is not insuperable." *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena,* 298 F.Supp. 1309, 1315 (S.D.N.Y.1969) (*discussing Phi Delta Theta Fraternity v. J.A. Buchroeder & Co.,* 251 F.Supp. 968 (W.D.Mo.1966)); *see also Rolls–Royce Motors Ltd. v. A & A Fiberglass, Inc.,* 428 F.Supp. 689, 697 (N.D.Ga. 1976); *Coca–Cola Co. v. Howard Johnson Co.,* 386 F.Supp. 330, 335 (N.D.Ga.1974).

As the cases cited above make clear, an antitrust-related trademark misuse case is not impossible to maintain as a matter of law. Nevertheless, the defense is extremely narrow. "[I]n almost every reported instance where the antitrust misuse of a trademark has been raised as a defense, it has been rejected[, because the defendant did not demonstrate] that the trademark, as distinguished from collateral activities with respect to goods bearing the trademark, was itself being used as the prime and effective instrument to effectuate the antitrust activity." *Carl Zeiss,* 298 F.Supp. at 1314.

### 2. *It Does Not Appear to a Certainty That Plaintiffs Can Defeat the Tenth Affirmative Defense*

According to Excite, the heart of Plaintiffs' trademark infringement claim is that Defendants' actions are likely to cause consumers to believe, erroneously, that TFC is an "authorized retailer" of Plaintiffs' products. Because TFC legally sells those products, Plaintiffs are allegedly seeking to put TFC out of business. In support of its allegations, Excite seeks evidence that Plaintiffs have brought the lawsuit itself in order to drive TFC out of business, and that Plaintiffs may be seeking to block TFC from participating in Plaintiffs' businesses.

■ It has long been established that the Petition Clause of the First Amendment protects "the approach of citizens ... to courts," and that parties who maintain civil suits are thus entitled to immunity for so doing, so long as the litigation is not a "sham." *See, e.g., California Motor Transp. Co. v. Trucking Unltd.*, 404 U.S. 508, 510, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). Absent proof of a sham, the bringing of litigation cannot, as a matter of law, form the basis of an antitrust claim or misuse defense.

In *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993), the Supreme Court established a stringent test for "sham" litigation, requiring proof that: (1) the suit was "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits"; and (2) there was subjective intent to use the litigation to interfere directly with the business relationships of a competitor. *See Id.* at 60–62, 113 S.Ct. 1920.

Neither Excite's pleading nor its opposition papers contains any allegation that this litigation is objectively baseless. "Under the objective prong of the sham exception ... sham litigation must constitute the pursuit of claims so baseless that no reasonable litigant could realistically expect to secure favorable relief." *Id.* at 62, 113 S.Ct. 1920. Thus, "if an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under [the First Amendment], and an antitrust claim premised on the sham exception must fail." *Id.* at 60, 113 S.Ct. 1920. Nothing in the pleadings or in the papers submitted to date in this lawsuit compels the conclusion that this litigation is objectively baseless. Therefore, Excite's allegations as to the subjective intent behind Plaintiffs' suit are an insufficient basis upon which to establish a misuse of trademark defense.

■ On the other hand, Excite has also provided evidence to support allegations that Plaintiffs have attempted—independently of this lawsuit—to block TFC's participation in the sale of Plaintiffs' products. While the evidence provided is, at best, inconclusive, it suggests the possibility that Plaintiffs are directly attempting to misuse their trademarks for anticompetitive purposes. Therefore, it is not possible to say that "it appears to a certainty," *Salcer*, 744 F.2d at 939, that Plaintiffs will succeed in defeating Excite's Tenth Affirmative Defense. As this Circuit has indicated, "[T]hese questions quite properly are viewed as determinable only after discovery and a hearing on the merits. To do otherwise would be to run the risk of offering an advisory opinion on an abstract and hypothetical set of facts." *Id.* (citations and internal quotation marks omitted).

## II. *The Rule 26 Motion*

### A. *The Motion Is Not Time–Barred*

■ As with the Rule 12(f) motion considered above, Excite maintains that Plaintiffs are barred from moving for a protective order under Rule 26 of the Federal Rules of Civil Procedure. Excite claims that Plaintiffs have waived their current objection to Excite's First Request by failing to include that objection in their response to the First Request, required to be made within 30 days of the service. *See* Fed.R.Civ.P. 34(b).

However, Rule 26(c) gives the Court broad discretion to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (1) that the disclosure or discovery not be had [and] (4) that certain matters not be inquired

into...." Fed.R.Civ.P. 26(c)(1), (4). That discretion will be exercised here.

### B. *A Protective Order Is Not Warranted Under the Circumstances of This Case*

 Rule 26(b)(1) of the Federal Rules of Civil Procedure provides, in part: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." The discovery rules are to be given a broad and liberal construction to effectuate their purpose of ensuring that civil trials are not conducted in the dark. *See Schlagenhauf v. Holder,* 379 U.S. 104, 114–15, 85 S.Ct. 234, 240–41, 13 L.Ed.2d 152 (1964); *see also Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978) (standard "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case").

Moreover, the concept of relevance for discovery purposes is not limited by considerations of evidentiary admissibility, but rather is broad enough to afford parties liberal access to evidence in advance of trial. *See Quaker Chair Corp. v. Litton Bus. Sys., Inc.,* 71 F.R.D. 527, 530–31 (S.D.N.Y.1976). It is well-settled within this Circuit that "any possibility" that the sought-after information may be relevant to the subject-matter of the action will satisfy Rule 26(b)(1)'s requirements. *Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1367 (2d Cir.1991) (*quoting Mallinckrodt Chem. Works v. Goldman, Sachs & Co.,* 58 F.R.D. 348, 353 (S.D.N.Y.1973)); *see Santrayll v. Burrell,* No. 91 Civ. 3166(PKL), 1998 WL 24375, at *2 (S.D.N.Y. Jan. 22, 1998); *United States v. Barrier Indus. Inc.,* No. 95 Civ. 9114(BSJ), 1997 WL 97842, at *2 (S.D.N.Y. Mar. 5, 1997). On the other hand, while the discovery rules are broad, they do not permit discovery of matters that are neither relevant to issues in the case nor calculated to lead to relevant and admissible evidence.

In light of the conclusion reached above in Part I, Excite's Tenth Affirmative Defense is not insufficient as a matter of law, and there is a possibility that the information sought pursuant to discovery requests regarding the nature of "authorized dealer" relationships may be relevant to the subject matter of this action. Therefore, it would not be appropriate to grant Plaintiffs' request for a protective order, based upon the current motion to strike the Tenth Affirmative Defense, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

### *Conclusion*

For the reasons given above, Plaintiffs' motion is denied.

It is so ordered.