Kevin ETIENNE

v.

**WAL–MART STORES, INC.**

**No. Civ.A. 3:00CV1475SRU.**

United States District Court,
D. Connecticut.

Nov. 14, 2000.

Robert T. Rimmer, Brown, Paindiris & Scott, Hartford, CT, for plaintiff.

Gregory B. Reilly, Roberts & Finger, New York City, for defendant.

### RULING ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

UNDERHILL, District Judge.

The plaintiff, Kevin Etienne ("Etienne"), brought this action against Wal–Mart Stores, Inc. ("Wal–Mart") seeking damages and other relief for alleged discrimination on the basis of his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Etienne also pleaded causes of action under Connecticut common law for constructive discharge; intentional infliction of emotional distress; negligent infliction of emotional distress; and false imprisonment. Currently pending is Etienne's Motion to Strike Defendant's Affirmative Defenses **(doc. # 10)**. For the reasons set forth below, the plaintiff's motion is denied in substantial part.

*Legal Standard for Striking an Affirmative Defense Under Rule 12(f)*

■ Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike, however, "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Schramm v. Krischell,* 84 F.R.D. 294, 299 (D.Conn.1979); *see also William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.,* 744 F.2d 935, 939 (2d Cir.1984), *vacated on other grounds,* 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986) ("A motion to strike an affirmative defense under Rule 12(f), Fed.R.Civ.P. for legal insufficiency is not favored."); *Estee Lauder, Inc. v. Fragrance Counter, Inc.,* 189 F.R.D. 269, 271 (S.D.N.Y.1999) (same).

■ A motion to strike an affirmative defense "will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *Salcer,* 744 F.2d at 939, *quoting Durham Indus. v. North River Ins. Co.,* 482 F.Supp. 910, 913 (S.D.N.Y.1979); *see also Estee Lauder,* 189 F.R.D. at 271; *Morse/Diesel Inc. v. Fidelity & Deposit Co.,* 763 F.Supp. 28, 34 (S.D.N.Y.1991). To that end, the defendant's pleadings must be construed liberally. *Estee Lauder,* 189 F.R.D. at 271, *citing Bennett v. Spoor Behrins Campbell & Young, Inc.,* 124 F.R.D. 562, 564 (S.D.N.Y. 1989); *Oliner v. McBride's Indus., Inc.,* 106 F.R.D. 14, 17 (S.D.N.Y.1985). Moreover, a motion to strike for insufficiency is not "intended to furnish an opportunity for the determination of disputed and substantial questions of law[,] ... particularly [when] there has been no significant discovery." *Estee Lauder,* 189 F.R.D. at 271, *quoting Salcer,* 744 F.2d at 939 (citations and internal quotation marks omitted); *see also Mohegan Tribe v. State of Connecticut,* 528 F.Supp. 1359, 1362 (D.Conn.1982) (an affirmative defense will not be stricken if the sufficiency of the defense depends upon disputed issues of fact or if there is a disputed or unclear question of law).

■ Nevertheless, a court should strike the disputed matter if it is "irrelevant 'under any state of facts which could be proved in support' of the claims being advanced."

*Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co.*, 657 F.Supp. 136, 144 (E.D.N.Y.1987), *quoting Trusthouse Forte, Inc. v. 795 Fifth Avenue Corp.*, No. 81 Civ. 1698, slip op., 1981 WL 1113 (S.D.N.Y. Aug. 31, 1981); *Velez v. Lisi*, 164 F.R.D. 165, 166 (S.D.N.Y.1995) ("where the materiality of the alleged matter is highly unlikely or where its effect would be prejudicial," a court may strike it). When "the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim." *FDIC v. Eckert Seamans Cherin & Mellott*, 754 F.Supp. 22, 23 (E.D.N.Y.1990); *see also Metric Hosiery Co. v. Spartans Indus., Inc.*, 50 F.R.D. 50, 51–52 (S.D.N.Y. 1970).

■ In short, an affirmative defense should not be stricken on a Rule 12(f) motion "unless it can be shown that no evidence in support of the allegation would be admissible," i.e., that the defense is totally insufficient as a matter of law. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir.1976), *citing Gleason v. Chain Service Restaurant*, 300 F.Supp. 1241 (S.D.N.Y. 1969), *aff'd*, 422 F.2d 342 (2d Cir.1970); *Fleischer v. A.A.P., Inc.*, 180 F.Supp. 717 (S.D.N.Y.1959). "Thus the courts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky*, 551 F.2d at 893, *citing Nagler v. Admiral Corp.*, 248 F.2d 319, 325 (2d Cir.1957).

*Discussion*

*Fourth Affirmative Defense—Contributory Negligence*[1]

■ Etienne argues that Wal–Mart's fourth affirmative defense of contributory negligence should be stricken because "[a]n affirmative defense based upon contributory negligence is not appropriate in cases where a plaintiff alleges that a defendant acted intentionally thereby causing injury," *see* Plaintiff's Motion to Strike Defendant's Affirmative Defenses ("Pl.'s Motion to Strike") at 2, ¶ 3, and "Etienne premises his complaint

on the intentional, rather than the negligent, conduct of Wal–Mart." *See* Plaintiff's Memorandum of Law in Support of Motion to Strike Defendant's Affirmative Defenses ("Pl.'s Memorandum") at 3. Etienne, however, alleges both intentional and negligent conduct. *See* Count Four of Pl.s Compl. alleging "Negligent Infliction of Emotional Distress." Because Etienne's complaint alleges negligent conduct and because contributory negligence is among those defenses that must be affirmatively pled, *see* Fed. R.Civ.P. 8(c) ("a party shall set forth affirmatively ... contributory negligence"), the court certainly cannot say that the defense "can have no possible bearing on the subject matter of the litigation." *Schramm*, 84 F.R.D. at 299 and, accordingly, the plaintiff's motion to strike this affirmative defense is denied.

*Fifth and Tenth Affirmative Defenses—No Legal Duty and Consent*

■ Wal–Mart argues that, for the same reason, the court should deny Etienne's motion to strike its fifth affirmative defense that it "did not violate any legal duties owed to Plaintiff." Answer at 8, ¶ 64. Wal–Mart argues that, because the plaintiff has asserted a negligence claim, an essential element of which "is that Plaintiff must prove that there exists a legal duty running from Defendant to Plaintiff," the court should deny Etienne's motion to strike this affirmative defense. Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defenses ("Def.'s Opposition") at 4–5.

Although Wal–Mart is certainly entitled to claim that it did not violate any legal duties owed to Etienne in connection with his negligence claim, such an assertion is not an *affirmative* defense because the defendants do not bear the burden of establishing legal duties for plaintiff's negligence claim, or the lack thereof. *Hadar v. Concordia Yacht Builders, Inc.*, 886 F.Supp. 1082, 1089 (S.D.N.Y.1995) ("A defense is not an affirmative defense where it 'merely negates an

---

1. The enactment of General Statutes § 52–572h replaced traditional contributory negligence with a comparative fault scheme.

element of the plaintiff's prima facie case.' "), citing Marino v. Otis Eng'g Corp., 839 F.2d 1404, 1407 (10th Cir.1988) (quoting Sanden v. Mayo Clinic, 495 F.2d 221, 224 (8th Cir. 1974)). Rather, as Wal–Mart notes, the plaintiff bears the burden to prove duty. Because the alleged lack of duty would merely negate an element of the plaintiff's claim, it is not appropriately considered an affirmative defense. The proper remedy, however, is not to strike the averment, but rather to treat it as a specific denial. See, e.g., 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1269 (2d ed.1990):

> In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not prejudice the pleader. If plaintiff has been given "plain notice" of the matters to be litigated, which is all the federal pleading rules require, he should be put to his proof irrespective of any error by defendant regarding terminology.

> The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled. This is amply demonstrated by the fact that research has not revealed a single reported decision since the promulgation of the federal rules in which an erroneous designation resulted in any substantial prejudice to the pleader. Furthermore, the Supreme Court in New York Life Insurance Co. v. Gamer, which was decided during the same year in which the federal rules were adopted, held that an improper designation of a denial as an affirmative defense should be disregarded and plaintiff put to his proof as if defendant's negative averment had been properly labeled as a specific denial.

Id. at 409–10 (footnotes omitted), citing New York Life Insurance Co. v. Gamer, 303 U.S. 161, 58 S.Ct. 500, 82 L.Ed. 726 (1938).[2]

█ For the same reason, Wal–Mart's tenth affirmative defense of consent is not appropriately considered an affirmative defense. First, Wal–Mart's reliance on Jewett City Savings Bank v. Town of Canterbury, No. CV 970056725S, 1998 WL 764745 (Conn.Super.Ct. Oct. 16, 1998), is misplaced. Jewett City does not stand for the proposition that consent is an appropriate affirmative defense to a claim of negligence, as Wal–Mart claims. See Def.'s Opposition at 7. Rather, the court there denied the plaintiff's motion to strike the defense of consent with respect to the plaintiff's claim of trespass. Jewett City does not stand for the proposition that consent is an affirmative defense to a claim of negligence as contemplated by Rule 8(c) of the Federal Rules of Civil Procedure.

Although Wal–Mart's allegations of consent may certainly bear upon the elements that the plaintiff will have to prove to establish his claims of negligent infliction of emotional distress and false imprisonment, consent is not an *affirmative* defense to these claims as contemplated by Rule 8(c). To prevail on a claim for negligent infliction of emotional distress, the *plaintiff* must prove that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." Ancona v. Manafort Brothers, Inc., 56 Conn.App. 701, 713, 746 A.2d 184 (Conn.App. Feb. 22, 2000), citing Pavliscak v. Bridgeport Hospital, 48 Conn. App. 580, 597, 711 A.2d 747, cert. denied, 245 Conn. 911, 718 A.2d 17 (1998); Morris v. The Hartford Courant Co., 200 Conn. 676, 683, 513 A.2d 66 (1986); Montinieri v. Southern New England Telephone Co., 175 Conn. 337, 345, 398 A.2d 1180 (1978). Allegations of consent could conceivably negate an element of the plaintiff's negligent infliction of emotional distress claim—for example, if the plaintiff somehow consented to the defen-

---

**2.** Although the twelve defenses set forth in Wal–Mart's Answer have not been specifically identified as "affirmative" defenses, both parties have treated them as such in their briefs on the instant motion.

dant's conduct, the defendant might not have recognized that its conduct could cause distress and, therefore, it would not be liable. Consent under these circumstances, however, is not an affirmative defense in the traditional sense because it merely negates an element of the claim that the plaintiff must prove.

Similarly, consent is not appropriately considered an affirmative defense under Rule 8(c) with respect to plaintiff's claim of false imprisonment. *See, e.g., Khan v. Sofro Fabrics, Inc.,* No. CV 93–0131125 S, 1995 WL 27232 at \*2 (Conn.Super.Ct. Jan. 23, 1995) ("To prevail on a claim of false imprisonment, the *plaintiff* must prove that his physical liberty has been restrained by the defendant *and that the restraint was against his will, that is, that he did not consent to the restraint or acquiesce in it willingly.*") (emphasis added). Because consent would simply negate an element of the plaintiff's false imprisonment claim, it is not an affirmative defense.

The court, however, will not strike the defendant's tenth defense, rather, it will be treated as a specific denial.

*Sixth Affirmative Defense—Failure to Pursue Internal Remedies*

■ In its sixth affirmative defense, Wal–Mart pleads that Etienne failed to avail himself of Wal–Mart's internal procedures for complaining about alleged discrimination. Etienne argues that this defense should be stricken because, in its Answer, Wal–Mart admitted that it suspended Etienne and later, demoted him. *See* Pl.'s Memorandum at 3. Etienne argues that, in *Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), and *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), the Supreme Court held that an affirmative defense of failure to avail oneself of internal complaint procedures is not available for a defendant who has fired, demoted or suspended an employee and because Wal–Mart has already admitted that it suspended and demoted Etienne, it may not plead the affirmative defense of failure to exhaust internal procedures.

Wal–Mart responds that *Faragher* and *Burlington Industries* only apply to cases in which a plaintiff has alleged harassment by a supervisor. *See* Def.'s Opposition at 5–6, *citing Edwards v. State of Connecticut,* 18 F.Supp.2d 168, 177 (D.Conn.1998). Wal–Mart argues that there are no such allegations in the plaintiff's complaint and that this district has recognized that a plaintiff's failure to avail himself of an employer's internal complaint procedures constitutes a valid defense to alleged discrimination. *See* Def.'s Opposition at 6 (citing cases).

This issue is not appropriate for resolution on a motion to strike. As noted above, several courts have stated that a motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law. *See, e.g., Salcer,* 744 F.2d at 939; *Estee Lauder,* 189 F.R.D. at 271; *Mohegan Tribe v. State of Connecticut,* 528 F.Supp. 1359, 1362 (D.Conn.1982); *Carter–Wallace, Inc. v. Riverton Laboratories, Inc.,* 47 F.R.D. 366, 367–68 (S.D.N.Y.1969); *Budget Dress Corp. v. International Ladies' Garment Workers' Union,* 25 F.R.D. 506, 508 (S.D.N.Y.1959); 5C *Federal Practice & Procedure* § 1381, at 800–01 ("[E]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike.") (footnotes omitted).

■ The parties clearly dispute the legal sufficiency of Wal–Mart's sixth affirmative defense. Because the presence of a disputed question of law precludes a district court from granting a motion to strike, *see, e.g., Mohegan Tribe,* 528 F.Supp. at 1362, Etienne's motion to strike Wal–Mart's sixth affirmative defense is denied without prejudice to renewal of his argument in a future motion closer to the time of trial.

*Seventh Affirmative Defense—Voluntary Resignation*

■ Wal–Mart's seventh affirmative defense alleges that Etienne voluntarily resigned and, therefore, cannot prevail on a claim of constructive discharge. Etienne alleges that Wal–Mart rendered his working conditions so difficult and intolerable that he

was forced to resign. Because the facts regarding plaintiff's resignation are disputed and because a motion to strike should not be granted if the affirmative defense presents questions of fact, *see, e.g., Salcer,* 744 F.2d at 939; *Mohegan Tribe,* 528 F.Supp. at 1362, it would ordinarily be inappropriate to strike Wal–Mart's seventh defense.

■■■ Again, however, the claim that Etienne voluntarily resigned is not properly asserted by way of an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure. "Constructive discharge of an employee occurs when an employer, rather than directly discharging an individual, intentionally creates an intolerable work atmosphere that forces an employee to quit *involuntarily.*" *Brittell v. Department of Correction,* 247 Conn. 148, 178, 717 A.2d 1254 (1998) (emphasis added). Because a claim that Etienne resigned voluntarily would simply negate an element of the constructive discharge claim that the plaintiff must prove, it is not an affirmative defense. The court, however, will not strike the defendant's seventh defense, rather, the defense will be treated as a specific denial.

*Eighth Affirmative Defense—Reservation of Rights*

With respect to the eighth affirmative defense, the plaintiff argues, and the defendant concedes, that the reservation of rights to amend its answer should additional defenses arise is not an affirmative defense. *See* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defenses at 3 n. 2. Accordingly, Wal–Mart's eighth affirmative defense is withdrawn and the plaintiff's motion to strike that defense is denied as moot.

*Twelfth Affirmative Defense—Exclusivity Provisions of Workers' Compensation*

■■■ In its twelfth affirmative defense, Wal–Mart pleads that Etienne's claims are barred in whole or in part by the exclusivity provisions of the Connecticut Workers' Compensation Act. Etienne argues that this defense should be stricken because Etienne has alleged no physical injuries in his complaint. Wal–Mart responds that it asserted this defense to account for Plaintiff's reference to

"illness or bodily harm" in his Complaint. *See* Def.'s Opposition at 8, *citing* Pl.'s Compl., Count Four.

Etienne's reference to "illness or bodily harm," however, is only made as part of his claim for negligent infliction of emotional distress. *See* Pl.'s Compl. at 8, ¶ 42 ("The defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional distress and that the distress, if caused, might result in illness or bodily harm."). The plaintiff has merely pled the *risk* of physical harm, a necessary element to prevail on a claim for negligent infliction of emotional distress. *See, e.g., Ancona,* 56 Conn.App. at 713, 746 A.2d 184 ("To prevail on a claim for negligent infliction of emotional distress, the plaintiff must prove that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm."). Etienne has not pled, as Wal–Mart claims, that he actually suffered physical injuries.

Because Etienne has not pled any physical injuries and because the Connecticut Workers' Compensation Act provides that "personal injury" or "injury" shall not be construed to include "a mental or emotional impairment which results from a personnel action, including, but not limited to, a transfer, promotion, demotion or termination....," *see* Conn.Gen. Stat. § 31–275(16)(B), Wal–Mart's affirmative defense of the exclusivity of the Connecticut Workers' Compensation Act in response to Etienne's claim of negligent infliction of emotional distress is misplaced and insufficient as a matter of law. Accordingly, Etienne's motion to strike Wal–Mart's twelfth affirmative defense is granted, without prejudice to Wal–Mart asserting Workers' Compensation exclusivity as a defense should Etienne ever seek to amend his complaint to claim physical injury.

*Conclusion*

For the foregoing reasons, the plaintiff's Motion to Strike Defendant's Affirmative Defenses (**doc. # 10**) is GRANTED IN PART and DENIED IN PART.

Specifically, the plaintiff's motion is denied with respect to Wal–Mart's Fourth and Sixth Affirmative Defenses.

Etienne's motion is also denied with respect to Wal–Mart's Fifth, Seventh and Tenth Affirmative Defenses to the extent that it seeks to have those defenses stricken. Because they are not appropriately considered affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, those defenses will be treated as specific denials, rather than stricken.

The plaintiff's motion is granted with respect to Wal–Mart's Twelfth Affirmative Defense of the exclusivity of the Connecticut Workers' Compensation Act.

The plaintiff's motion to strike Wal–Mart's Eighth Affirmative defense is denied as moot.

It is so ordered.