Robert T. MORIANI, Plaintiff,

v.

Carl HUNTER, Larry F. Taylor, J. R. Johnson, and R. Smith, Defendants.

No. 77 Civ. 1599.

United States District Court,
S. D. New York.

Dec. 21, 1978.

Robert T. Moriani, pro se.

Robert B. Fiske, Jr., U. S. Atty., S. D. New York, New York City, for defendants, by Carl T. Solberg, Asst. U. S. Atty., New York City.

## OPINION

ROBERT L. CARTER, District Judge.

This civil rights complaint lists constitutional and statutory violations which allegedly occurred when plaintiff was struck in the face by Carl Hunter, a guard at the Metropolitan Correctional Center ("MCC"). Soon thereafter, plaintiff filed this action *pro se* against Hunter and his superiors for a declaratory judgment, damages, and equitable relief.[1] He now moves for default and summary judgment. At the time of the altercation, defendants Taylor, Johnson, and Smith were, respectively, the warden, associate warden, and a captain at the MCC. They now move to dismiss the claims against them under F.R.Civ.P. 12(b)(1) and 12(b)(6).[2] For the reasons set forth below, their motion is granted and plaintiff's motions are denied. No motion has been made on behalf of defendant Hunter, and the action against him survives.

*Plaintiff's Motions*

Plaintiff moves for a default judgment based on defendants' failure to answer or otherwise appear by August 5, 1977. Nonetheless, the record shows that this case was placed on the suspense calendar by order of this court dated July 12, 1977, pending an investigation by the Department of Justice into whether the United States Attorney would be authorized to represent the defendants. Within three weeks of the case's removal from the suspense calendar, the United States Attorney appeared on behalf of Taylor, Johnson, and Smith by filing the instant motion. Delay under these circumstances does not amount to a default. No answer was filed on behalf of Hunter, because the United States Attorney erroneously believed that he had

---

1. The request for an injunction prohibiting defendants from retaliating against plaintiff for filing this lawsuit is moot, because plaintiff is no longer incarcerated at the MCC.

2. Defendants also move to stay discovery until a decision is rendered on their motions to dismiss. Since we consider the motions together, their request for a stay is moot.

not been served with the complaint. Upon learning, 3 weeks later, that Hunter had indeed been served, the United States Attorney promptly answered for him. The default here is merely technical; plaintiff was not prejudiced by the delay. Accordingly, a default judgment is not warranted. *See* 10 Wright & Miller, *Federal Practice and Procedure: Civil* § 2685 and cases cited therein.

■ Plaintiff also moves for summary judgment. Summary judgment may be granted only where there are no material issues to be tried. *FLLI Moretti Cereali S. p. A. v. Continental Grain Co.*, 563 F.2d 563, 565 (2d Cir. 1977). Here the principal issue is still contested. Plaintiff alleges that he was struck for no reason; defendant Hunter claims that he acted in self-defense after being threatened. Under these circumstances, summary judgment is not appropriate. Plaintiff's motions are therefore denied.

*Defendants' Motions.*

Plaintiff invokes jurisdiction of this court under 18 U.S.C. § 4081, 28 U.S.C. § 1346, 28 U.S.C. § 2671, 18 U.S.C. §§ 241, 242,[3] 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, and a myriad of constitutional provisions. Defendants contend that none of the statutes confer jurisdiction over a suit for damages against federal officials acting in their official capacities. Defendants concede this court's jurisdiction over a suit for damages arising directly from the Constitution in which they are sued in their individual capacities, but they argue that plaintiff has failed to state a cause of action.

*Subject Matter Jurisdiction*

■ Lack of jurisdiction under the first five cited statutes is clear. 18 U.S.C. § 4081 provides:

"The Federal penal and correctional institutions shall be so planned and limited in size as to facilitate the development of an integrated system which will assure the proper classification and segregation of Federal prisoners according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions."

There is no evidence that Congress intended prisoners to have a private cause of action for damages against prison officials for violation of this provision. Nor is there any indication of how defendants violated the statutory mandate or how such a violation contributed to plaintiff's injuries. Lack of jurisdiction is also clear under 28 U.S.C. § 1346 and 28 U.S.C. § 2671. Those provisions relate to suits against the United States, which is not named as a party here. In addition, 18 U.S.C. §§ 241, 242 are criminal statutes, which do not create private rights of action for their violation. Therefore, the claims predicated on violations of the statutes cited in this paragraph are dismissed pursuant to F.R.Civ.P. 12(b)(1).

Whether there is jurisdiction to entertain plaintiff's claim under 42 U.S.C. § 1985(3) is less clear.[4] Defendant cites *Williams v. Halperin*, 360 F.Supp. 554, 556 (S.D.N.Y. 1973) (Pollack, J.) and *Boruski v. Stewart*, 381 F.Supp. 529, 534 (S.D.N.Y.1974) (Pollack, J.) for the proposition that 1985(3)'s prohibition of conspiracies to deprive persons of their civil rights does not apply to federal officers acting under color of federal law. More recently, in *Lofland v. Meyers*, 442 F.Supp. 955 (S.D.N.Y.1977), Judge Werker wrote:

"As to section 1985, it is the law of this Circuit that section 1985 of Title 42 does not permit relief against the actions of federal officers acting under color of *federal* law." (emphasis in original)

---

3. Plaintiff refers to 28 U.S.C. §§ 241, 242, which are non-existent. We assume that he meant 18 U.S.C. §§ 241, 242, as they are the criminal analogues to the civil rights acts.

4. Since a claim under § 1986 is predicated on a violation of § 1985, reference is made only to the latter. *Martin Hodas, East Coast Cinematics v. Lindsay*, 431 F.Supp. 637, 645 (S.D.N.Y. 1977) (Carter, J.).

442 F.Supp. 957. Thus there is considerable authority in this court for the view espoused by defendants.

The only Second Circuit case on point is *Gregoire v. Biddle*, 177 F.2d 579 (2d Cir. 1949). In that case, Judge Learned Hand refused to apply § 1985(3) to the actions of federal officers acting under color of federal law on the theory that § 1985, like § 1983, applied exclusively to persons acting under color of *state* law. Judge Hand acknowledged that § 1985(3) applied in terms to "any person" and did not contain § 1983's qualifying phrase "acting under color of state law." He nevertheless limited the scope of § 1985(3) to avoid perceived constitutional problems with applying the statute where no state action was involved. Judge Hand's somewhat cryptic ruling follows:

> "The first clause of the third subdivision of § 47 [presently 42 U.S.C. § 1985(3)] does declare that, if two or more persons conspire to deprive 'any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws,' the injured party may recover damages. The plaintiff's argument appears to be that this language creates a claim against any two persons who conspire to injure another for spite or other improper motives, apparently because to single out anyone for illegal aggression is to deny him equal protection of the laws. Quite aside from the fact that in order so to construe the words they must be broken from a context which shows their more limited meaning, it is apparent that they could not have had such a scope without destroying their validity constitutionally."

177 F.2d 581.

Despite the aforementioned case law to the contrary, I can not see how the Second Circuit's rule that § 1985(3) does not apply to federal officers survives *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). There the Supreme Court explicitly disavowed both the statuto-

ry and constitutional interpretation espoused by Judge Hand. First, the Court decided that § 1985(3)'s ban on conspiracies to violate civil rights was intended to supplement § 1983, and was therefore not limited by the "under color of state law" requirement.[5] Second, the Court decided that it was constitutional to apply § 1985(3) to *any* person, regardless of whether he was acting under color of state law. The Court avoided the 14th Amendment's state action requirement by finding authority for § 1985(3) in Congress's powers to regulate interstate commerce, enforce rights protected by the 13th Amendment, and secure the right to travel. *Id.* at 104–07, 91 S.Ct. 1790. Primary reliance was placed on the 13th Amendment's enforcement clause:

> "We can only conclude that Congress was wholly within its powers under § 2 of the Thirteenth Amendment in creating a statutory cause of action for Negro citizens who have been the victims of conspiratorial, racially discriminatory private action aimed at depriving them of the basic rights that the law secures to all free men."

403 U.S. 105, 91 S.Ct. 1800.

■ Unless there is a rationale, unknown to the past cases, for holding that federal officers are not "persons" under § 1985(3), there is no longer any reason to exclude from coverage federal officers acting under color of federal law. Since such a rationale is inconceivable, *Griffin*'s holding that § 1985(3) applies to *any* person requires that it apply to federal officers. *Stith v. Barnwell*, 447 F.Supp. 970 (M.D.N.C.1978); *Alvarez v. Wilson*, 431 F.Supp. 136 (N.D.Ill. 1977). Therefore, defendants' motion to dismiss the § 1985(3) and § 1986 claims can not be granted on the ground that this court lacks subject matter jurisdiction.

*Failure to State A Claim Upon Which Relief Can Be Granted*

Defendants argue that because *respondeat superior* does not apply to actions under

---

**5.** The Court wrote:

> An element of the cause of action established by the first section, now 42 U.S.C. § 1983, is that the deprivation complained of must have been inflicted under color of state law. To

> read any such requirement into § 1985(3) would thus deprive that section of all independent effect. (footnote omitted)

403 U.S. 99, 91 S.Ct. 1796.

the civil rights acts or to direct actions under the Constitution, plaintiff must, at the very least, show an affirmative link between defendants and Hunter's behavior. Plaintiff has not alleged that defendants were present during the event, had knowledge of the incident, or condoned a series of similar episodes. In fact, plaintiff has not shown any nexus between defendants and the complained of event beyond that resulting from defendants' supervisory roles.

Although at least one circuit has permitted *respondeat superior* liability in a 1983 action, *Carter v. Carlson,* 144 U.S.App. D.C. 388, 447 F.2d 358, *rev'd on other grounds,* 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973), the rule here requires a showing of some personal responsibility before a defendant may be assessed damages. *Johnson v. Glick,* 481 F.2d 1028, 1034 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973). That rule also applies to direct actions under the Constitution. *Black v. United States,* 534 F.2d 524, 527–28 (2d Cir. 1976).[6] Thus, plaintiff's *Bivens*-type claim must be dismissed for failure to allege any personal responsibility on the part of Taylor, Johnson, and Smith.

Plaintiff's failure to allege how defendants were affirmatively linked to Hunter's actions is also fatal to the statutory claims. § 1985(3) requires the pleading of at least some facts that show defendants' participation in a conspiracy, *Martin Hodas, East Coast Cinematics v. Lindsay,* 431 F.Supp. 637, 643 (S.D.N.Y.1977) (Carter, J.), and liability under § 1986 is conditioned upon a conspiracy outlawed by § 1985. That defendants were merely Hunter's superiors is not sufficient to show the existence of a conspiracy. Thus, although plaintiff's claims under § 1985(3) and § 1986 do not fail for lack of subject matter jurisdiction, it is clear that they, too, must be dismissed for failure to state a claim.

For the reasons stated above, plaintiff's motions for default and summary judgment are denied. Defendants' motion to dismiss

is granted. The action continues against defendant Hunter.

IT IS SO ORDERED.

---

6. Indeed, it is an open question whether any vicarious liability is permitted in civil rights suits by the Supreme Court's opinion in *Goode v. Rizzo,* 423 U.S. 362, 371, 96 S.Ct. 598, 46 L.Ed.2d 461 (1976).