Diana **FIELDCAMP**, Plaintiff,

v.

**THE CITY OF NEW YORK, the New York City Police Department and Detective Alfred Lorenz, Defendants.**

**No. 02 CIV. 4167(WCC).**

United States District Court, S.D. New York.

Jan. 29, 2003.

Rothman, Schneider, Soloway & Stern, LLP, Attorneys for Plaintiff, New York, David Stern, Esq., Of Counsel.

Michael A. Cardozo, Corporation Counsel of the City of New York, Attorneys for Defendants, New York, Jason A. Nagi, Asst. Corporation Counsel, Of Counsel.

## OPINION AND ORDER

CONNER, Senior District Judge.

Plaintiff Diana Fieldcamp brings the instant action under 42 U.S.C. §§ 1983 and 1985 and the Fourth and Fourteenth Amendments to the Constitution of the United States against defendants the City of New York, the New York City Police Department ("NYPD"), and Detective Alfred Lorenz. Plaintiff alleges that Detective Lorenz, acting under color of state law, intentionally and willfully deprived plaintiff of her civil rights. Defendants move to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted on the grounds that: (1) plaintiff has not alleged and cannot show that defendants deprived her of a constitutional right under § 1983; (2) failure to place plaintiff in a safety restraint while being transported at most sets forth a claim of negligence, which is not actionable under § 1983; (3) the NYPD is not a suable entity and as such any claims against it must be dismissed; and (4) Detective Lorenz is entitled to qualified immunity. For the reasons set forth below, defendants' motion is granted as to the claims against the NYPD but is otherwise denied.

## BACKGROUND

The following discussion of the facts is based on the allegations in plaintiff's Complaint.[1] On August 7, 2001 Detective Lor-

---

**1.** On a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all of the well

enz, a New York City Police Detective arrested plaintiff and charged her with possession of marijuana. (Complt.¶ 9.) After her arrest, plaintiff was separated from other arrestees and transported to various locations around the city for several hours by NYPD officers. (*Id.*) During that time she was rear-handcuffed and seated in the back of a police car. According to plaintiff, no safety device was used to protect her from possible injury. (*Id.*) At some point during her detention, plaintiff's shirt began to slip off her shoulder. She informed the officers of her situation and requested assistance to avoid humiliation and embarrassment. Plaintiff maintains that although acknowledging her situation and aware that because she was rear-handcuffed she could not help herself, the officers deliberately failed and refused to assist her. (*Id.*) Shortly thereafter, plaintiff's shirt fell off her shoulder, leaving her breast fully exposed. Plaintiff was forced to remain in this state for approximately seven minutes in full public view before she was assisted. (*Id.*)

## DISCUSSION

### I. *Standard of Review*

On a motion to dismiss under Rule 12(b)(6), the issue is "whether the claimant is entitled to offer evidence to support the claims." *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683. A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Padavan v. United States,* 82 F.3d 23, 26 (2d Cir.1996) (quoting *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)).

Generally, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed.1997); *see also Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085, 1088 (2d Cir.1995). Allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are insufficient as a matter of law. *See Martin v. New York State Dep't of Mental Hygiene,* 588 F.2d 371, 372 (2d Cir.1978). Under the relaxed federal pleading requirements, it is enough that the pleading "contain 'a short and plain statement of the claim' sufficient to put the [adverse party] on notice of the grounds for which the [claimant] seeks relief." *Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.,* 893 F.Supp. 285, 291 (S.D.N.Y.1995) (Conner, J.) (quoting FED. R. CIV. P. 8(a)(2)). "[T]he principal function of pleadings under the Federal Rules is to give the adverse party fair notice . . . so as to enable [that party] to answer and prepare for trial." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988) (dismissal under Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised"). Although the pleading requirements are construed liberally, "[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be grant-

---

pleaded facts as true and consider those facts in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer,* 468 U.S. 183,

104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *Hertz Corp. v. City of New York,* 1 F.3d 121, 125 (2d Cir.1993); *In re AES Corp. Sec. Litig.,* 825 F.Supp. 578, 583 (S.D.N.Y.1993) (Conner, J.).

ed." 2 MOORE'S FEDERAL PRACTICE § 12.34[1][b] at 12–60 (3d ed.).

## II. *Section 1983 Claims*

To state a cognizable claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States, and that such violation was committed by a person acting under color of state law." *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996). It is undisputed that defendant Lorenz clearly acted under color of state law because the actions about which plaintiff complains were committed, in part, by defendant Lorenz as a detective in the course of duty. *See West v. Atkins*, 487 U.S. 42, 49–50, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Defendants argue however, that plaintiff cannot maintain a claim under § 1983 because she has failed to demonstrate that she was deprived of any constitutional right. (Defs. Mem. Supp. Mot. Dismiss at 3.) Plaintiff maintains that she has properly asserted a § 1983 claim for a violation of her rights under the Fourth Amendment. (Pl. Mem. Opp. Mot. Dismiss at 4.) The Fourth Amendment states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. AMEND. IV.

Our first inquiry, whether Detective Lorenz's actions constituted a seizure under the Fourth Amendment, requires the Court to determine whether a reasonable person in plaintiff's position would not have felt free to leave the officers' custody. *Tankleff v. Senkowski*, 135 F.3d 235, 244 (2d Cir.1998). According to the Complaint, plaintiff was rear-handcuffed and held in the back of a police car for several hours. (Complt.¶ 9.) The officers' action in this case would certainly convey to a reasonable person that he or she was not free to go about their business. *See California v. Hodari D.*, 499 U.S. 621, 628, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); *see also United States v. Moreno*, 897 F.2d 26, 30 (2d Cir.1990) ("When ... an officer even briefly detains an individual and restrains that person's right to walk away, he has effected a seizure and the limitations of the fourth amendment become applicable."). Having established that plaintiff's detention constituted a seizure under the Fourth Amendment, our inquiry proceeds to the question of whether that seizure was reasonable under the circumstances. *See Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

The "Fourth Amendment shields arrestees from police conduct that unreasonably aggravates the intrusion on privacy properly occasioned by the initial seizure." *Lauro v. Charles*, 219 F.3d 202, 212 (2d Cir.2000). The courts have recognized that the constitutional right to privacy also includes a right to bodily privacy. *See, e.g., Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir.1995); *Fortner v. Thomas*, 983 F.2d 1024, 1030 (11th Cir.1993); *Covino v. Patrissi*, 967 F.2d 73, 78 (2d Cir. 1992). Plaintiff contends that the conditions of the seizure were unreasonable in that the police officers, through their intentional inaction after handcuffing and incapacitating plaintiff, violated her right to privacy with respect to her unclothed body. (Pl. Mem. Opp. Mot. Dismiss at 5.) Specifically, plaintiff alleges that Detective Lorenz and other officers were aware that because she was rear-handcuffed, plaintiff could not cover her exposed breast, but deliberately failed and refused to assist her. (Complt.¶ 9.) In *Franklin v. Foxworth*, 31 F.3d 873, 876 (9th Cir.1994), the

court stated that "[a] detention conducted in connection with a search may be unreasonable if it is unnecessarily painful, degrading, or prolonged, or if it involves an undue invasion of privacy." The fact that the police in *Franklin* did not initially clothe or cover the plaintiff was one of the factors relied upon by the court that led it to conclude that the officers' actions were unreasonable. In the instant case, not only did the officers fail to clothe or cover plaintiff but they also allegedly forced plaintiff to remain in this degrading state for several minutes in full public view. Accepting as true these factual allegations in plaintiff's Complaint, as we must in reviewing a motion to dismiss, we believe plaintiff has sufficiently plead a violation of her Fourth Amendment rights in support of her § 1983 claim.

### III. *Claims Against the NYPD*

Defendants argue that all claims against the NYPD should be dismissed as the NYPD is not a suable entity. We note at the outset that plaintiff does not address these claims in its opposition papers, enabling the Court to conclude that it has abandoned them. *Singleton v. City of Newburgh*, 1 F.Supp.2d 306, 312 (S.D.N.Y. 1998) (Conner, J.) (plaintiff's claim deemed "abandoned" and defendants' summary judgment granted where claim was alleged in the complaint but "not raised elsewhere in the record"); *Anti–Monopoly, Inc., v. Hasbro, Inc.*, 958 F.Supp. 895, 907 (S.D.N.Y.1997) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue."), *aff'd*, 130 F.3d 1101 (2d Cir.1997). In any event, defendants are correct. *See Connell v. City of New York*, 230 F.Supp.2d 432 (S.D.N.Y.2002). Because the NYPD is not a suable entity, plaintiff's claims can proceed only against Detective Lorenz and the City of New York.

### IV. *Qualified Immunity*

A defendant is entitled to qualified immunity if his conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). It is well settled that arrestees do not lose their constitutional rights when they are in the custody of police officers. As discussed, *supra*, in Part II., the Second Circuit has held that "When ... an officer even briefly detains an individual ... he has effected a seizure and the limitations of the fourth amendment become applicable." *Moreno*, 897 F.2d at 30. The issue at this stage of the analysis is the more specific, "objective inquiry" of whether a reasonable officer could have believed that handcuffing a female arrestee and placing her in the back of a police car, knowing that her shirt was slipping off her shoulder, thereby exposing her breast; and aware that because the arrestee was rear-handcuffed, she could not help herself, yet deliberately failing and refusing to assist her "was lawful, in light of clearly established law and the information [the officer] possessed." *Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). In light of the facts alleged, we believe the officers' conduct to be so clearly unreasonable that no reasonable police officer should have believed that he was acting in accordance with established law and procedure concerning the detainment of arrestees. Consequently, Detective Lorenz is not entitled to a defense of qualified immunity.

### CONCLUSION

For the reasons stated above, defendants' motion to dismiss is granted as to defendant, the New York City Police Department and denied as to all claims asserted against defendants, the City of New

York and Detective Lorenz. The Complaint is hereby dismissed as to defendant, the New York City Police Department.

SO ORDERED.