COACH, INC., et al., Plaintiffs,

v.

KMART CORPORATIONS, et al., Defendants.

No. 10 Civ. 1731(LMM).

United States District Court, S.D. New York.

Nov. 16, 2010.

Jonathan David Davis, Jonathan D. Davis, P.C., New York, NY, for Plaintiffs.

Alison Giselle Carlson, Lora A. Moffatt, Salans, Emily Bab Kirsch, Reed Smith, Laura Goldbard George, Steven Brent Pokotilow, William Joseph Seymour, Stroock & Stroock & Lavan LLP, New York, NY, for Defendants.

## MEMORANDUM AND ORDER

LAWRENCE M. McKENNA, District Judge.

Coach, Inc. and Coach Services, Inc. (collectively "Plaintiffs") filed this action against Kmart Corporation ("Kmart"), Sears Holding Corporation ("SHC")[1], and

---

1. SHC is the corporate parent of Kmart. (*See* Kmart's Rule 7.1 Corp. Disclosure State-

24 Seven International LLC ("24 Seven") (collectively "Defendants") asserting claims of trademark and trade dress infringement, copyright infringement, false advertising, unfair competition and unjust enrichment. In response, Defendants assert numerous affirmative defenses. Plaintiffs move to strike these affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. For the reasons set forth below. Plaintiffs' motion is granted in part and denied in part.[2]

## BACKGROUND

Plaintiffs manufacture, market and sell fine leather goods and mixed material products, including handbags and luggage. (Compl. ¶ 13.) Many of these goods bear trademarks, trade dress and copyrighted design elements that Plaintiffs allege are widely recognized by the public. (*Id.* ¶¶ 14–15.) Specifically, Plaintiffs manufacture, market and sell handbags and luggage bearing the "Coach Op Art" Trademark and certain copyrighted Coach Op Art design elements. (*See Id.* ¶¶ 16; 22–23). Plaintiffs registered the Coach Op Art Trademark with the federal Patent and Trademark Office on October 13, 2009, and registered the Coach Op Art Copyright with the federal Copyright Office on October 7, 2009 (*Id.* ¶¶ 16, 23).

Defendants also manufacture and sell handbags and luggage. At issue here are Defendants' Concourse luggage and wheeled bags. (*See* Pls.' Memo. in Supp. of Motion to Strike Affirmative Defenses ("Pls.' Memo.") at 2–5; Defs.' Memo. in Opp'n. to Pls.' Mot. to Strike Affirmative Defenses ("Defs.' Opp'n. Memo.") at 2.) These bags are distributed by 24 Seven and sold at Kmart retail stores. (*Id.*).

On March 3, 2010, Plaintiffs filed this action alleging, *inter alia,* that Defendants' Concourse luggage set bears "logos, source-identifying indicia and design elements that infringe Coach's intellectual property rights" and that Defendants' Concourse wheeled bag "bears on its exterior a design that is confusingly similar to Coach's [Op Art Trademark and Copyright]." (Pls.' Memo. at 3–4.) Specifically, in their complaint, Plaintiffs allege trademark counterfeiting and infringement under Section 32 of the Lanham Act; trade dress infringement, false designation of origin and false advertising under Section 43(a) of the Lanham Act; trademark dilution under Section 43(c) of the Lanham Act; copyright infringement under the United States Copyright Act; trademark infringement under New York law; trademark dilution, deceptive practices, and false and misleading advertising under New York General Business Law; and unfair competition and unjust enrichment under New York common law.

On May 19, 2010, 24 Seven, Kmart and SHC each filed separate Answers and Affirmative Defenses. Generally, Defendants assert the same affirmative defenses. These include the first sale doctrine, statute of limitations, estoppel, implied license, acquiescence, laches, waiver, copyright misuse, unclean hands, failure to mitigate damages, failure to negotiate damages, and failure to state a claim. (*See* Kmart Ans. at 23–24; SHC Ans. at

---

ment.) SHC, however, denies that it operates any Kmart department stores. (*See* SHC's Ans. ¶¶ 8–9.)

**2.** On September 30, 2010, Plaintiffs filed their Second Amended Complaint. However, the parties had fully briefed Plaintiffs' Motion to Strike, which this court is now deciding, be-

fore the Second Amended Complaint was filed, and the issues here are unaffected because Plaintiffs only added new claims against Kmart and SHC and did not modify any of the claims that they asserted in their First Amended Complaint.

23–24; 24 Seven Ans. at 13–15.) Defendants further assert that Defendants have not infringed, Defendants' goods do not use a counterfeit mark, Plaintiffs are not entitled to statutory damages, and Plaintiffs' copyrights, trademarks and trade dress are invalid and unenforceable. (*Id.*)

On June 9, 2010, Plaintiffs moved to strike these affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.[3] For the reasons set forth below, Plaintiffs' motion is granted in part and denied in part.

## DISCUSSION

### A. Legal Standard for Motions to Strike

■ Under Rule 12(f), the Court may strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. Pro. 12(f). Motions to strike are generally disfavored and will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.1984), vacated and remanded on other grounds, 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986), (quotations and citations omitted); *see also Estee Lauder, Inc. v. Origins Natural Res., Inc.*, 189 F.R.D. 269, 271 (S.D.N.Y. 1999).

■ In order for a court to strike a defense as insufficient: "(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense". *Specialty Minerals,*

*Inc. v. Pluess–Staufer AG,* 395 F.Supp.2d 109, 111–112 (S.D.N.Y.2005).

In considering the sufficiency of a defense under the first two prongs of the analysis, courts apply the same standard applicable to a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See FSP, Inc. v. Societe Generale,* 2005 WL 475986, *7–8 (S.D.N.Y. Feb. 28, 2005). When deciding a motion to dismiss, "the Court ordinarily accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor." *In re Parmalat Sec. Litig.,* 501 F.Supp.2d 560, 572 (S.D.N.Y.2007) (citing *Levy v. Southbrook Int'l Invs., Ltd.,* 263 F.3d 10, 14 (2d Cir.2001)). Thus, "[t]he sufficiency of a defense is to be determined solely upon the face of the pleading." *Houston v. Manheim–New York,* 2010 WL 744119 at *3 (S.D.N.Y. Mar. 3, 2010). And the Court should construe "the pleadings liberally to give the defendant a full opportunity to support its claims at trial, after full discovery has been made". *S.E.C. v. McCaskey,* 56 F.Supp.2d 323, 326 (S.D.N.Y.1999). On the other hand, as courts in this district have explained, conclusory assertions, absent any supporting factual allegations are insufficient as a matter of law and fail to provide a plaintiff with any notice as to how the defense applies to the plaintiff's claims. *See e.g., Obabueki v. Int'l Bus. Machs. Corp.,* 145 F.Supp.2d 371, 401 (S.D.N.Y.2001) (striking unclean hands defense explaining that pleading the words "unclean hands" without more offered the plaintiff no indication about how the doctrine would bar his claims).

■ If a court determines that a defense is legally insufficient, the court must

---

**3.** Plaintiffs did not initially move to strike 24 Seven's Second and Third Affirmative Defenses, but added this request to their reply brief in light of Defendants' response to Plaintiffs' motion. (*See* Pls.' Rep. Memo. at 5.)

next determine whether inclusion of the defense would prejudice the plaintiff. Increased time and expense of trial may constitute sufficient prejudice to warrant striking an affirmative defense. *See Estee Lauder,* 189 F.R.D. at 272. For example, in *Specialty Minerals,* the court held that plaintiffs would be prejudiced because inclusion of an unclean hands defense would require additional discovery and would expand the length and scope of the trial. 395 F.Supp.2d at 114. Moreover, inclusion of a defense that must fail as a matter of law prejudices the plaintiff because it will needlessly increase the duration and expense of litigation. *See Estee Lauder,* 189 F.R.D. at 272 (explaining that when "the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim") (quoting *FDIC v. Ornstein,* 73 F.Supp.2d 277, 280 (E.D.N.Y.1999)); *U.S. v. Manhattan–Westchester Medical Svcs., P.C.,* 2008 WL 241079 at *3 (S.D.N.Y. Jan.28, 2008) (same).

### B. First Sale Doctrine and Statute of Limitations

Plaintiffs move to strike Defendants' Eighth Affirmative Defense that Plaintiffs' copyright claims are barred by the first sale doctrine and Kmart and SHC's Fifth Affirmative Defense that Plaintiffs' claims are barred by the applicable statute of limitations. (Pls.' Memo at 9–10; 15.) Defendants voluntarily withdraw these defenses (*see* Defs.' Opp'n Memo. at 10), and thus, Plaintiffs' motion to strike Defendants' Eighth Affirmative Defense and Kmart and SHC's Fifth Affirmative Defense is granted.

### C. Equitable Defenses

#### 1. Legal Sufficiency

Plaintiffs move to strike Kmart and SHC's Fourth and 24 Seven's Sixth Affirmative Defenses that "Plaintiffs' claims are barred by estoppel, implied license, acquiescence, waiver and laches". (Pls.' Memo. at 11–15.) Defendants argue that these defenses are "factually and legally feasible". (Defs.' Opp'n. Memo. at 7.) It is of no consequence, however, that there may be some unknown and hypothetical set of facts that could support these defenses. Instead, the relevant question is whether, based on the pleadings as construed in the light most favorable to Defendants, there is a question of fact or a substantial question of law that might allow any of these defenses to succeed. *See Specialty Minerals,* 395 F.Supp.2d at 111–12. The Court will consider the sufficiency of each defense in turn.

#### i. Estoppel

■ Estoppel is a defense to copyright infringement where:

> the party to be estopped had knowledge of defendant's infringing conduct and either intended that his own conduct be relied upon or acted so that the party asserting the estoppel has a right to believe it was so intended. Additionally, the defendant must be ignorant of the true facts and must rely on plaintiff's conduct to his detriment.

*Lottie Joplin Thomas Trust v. Crown Publishers, Inc.,* 456 F.Supp. 531, 535 (S.D.N.Y.1977). Thus, it is an essential element of estoppel "that the party who invokes it shall have acted to his detriment in reliance upon what the other party had done." *Helvering v. Schine Chain Theaters,* 121 F.2d 948, 950 (2d Cir.1941).

■ Here, Defendants assert that "Plaintiffs' claims are barred by estoppel". (Kmart Ans. at 24; SHC Ans. at 23; 24 Seven Ans. at 14.) The pleadings, however, are void of any facts supporting a defense of estoppel. There is no indication that the Defendants relied, to their detri-

ment or otherwise, on any conduct by the Plaintiffs. Thus, there is no question of fact or law that might allow an estoppel defense to succeed and the defense is therefore insufficient as a matter of law.

### ii. Implied License

■ An implied license is a defense to a claim of copyright infringement, *Keane Dealer Servs., Inc. v. Harts,* 968 F.Supp. 944, 947 (S.D.N.Y.1997), and courts will find an implied license where "the totality of the parties' conduct indicates an intent to grant" permission to use the copyrighted work, 3–10 Nimmer on Copyright § 10.03. The Second Circuit has observed that an implied license will be found "only in 'narrow' circumstances where one party 'created a work at the [other's] request and handed it over, intending that [the other] copy and distribute it.'" *Ulloa v. Universal Music and Video Distrib. Corp.,* 303 F.Supp.2d 409, 416 (S.D.N.Y.2004) (quoting *SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharm., Inc.,* 211 F.3d 21, 25 (2d Cir.2000)).

Here, Defendants assert that "Plaintiffs' claims are barred by . . . implied license." (Kmart Ans. at 24; SHC Ans. at 23; 24 Seven Ans. at 14.) The pleadings, however, lack any facts supporting an implied license defense. Nothing in the pleadings indicates that there was any conduct by either party from which Plaintiffs' intent to grant Defendants a license to use their copyrighted work could be inferred. Thus, there is no question of fact or law that might allow an implied license defense to succeed and the defense is therefore insufficient as a matter of law.

### iii. Acquiescence

■ Acquiescence is a defense to Lanham Act claims where a defendant can show that: (1) plaintiff actively represented that it would not assert a right or a claim; (2) the delay between the active

representation and assertion of the right or claim was not excusable; and (3) the delay caused undue prejudice to defendant. *ProFitness Physical Therapy Center v. Pro–Fit Orthopedic and Sports Physical Therapy P.C.,* 314 F.3d 62, 67 (2d Cir. 2002). Similarly, in a copyright infringement action, "[t]he plaintiff's acquiescence in the defendant's infringing acts may, if continued for a sufficient period of time and if manifested by overt acts, result in an abandonment of copyright." *Basic Books, Inc. v. Kinko's Graphics Corp.,* 758 F.Supp. 1522, 1540 (S.D.N.Y.1991).

Here, Defendants assert that "Plaintiff[s'] claims are barred by . . . acquiescence." (Kmart Ans. at 24; SHC Ans. at 23; 24 Seven Ans. at 14.) The pleadings, however, lack any facts supporting an acquiescence defense. Nothing in the pleadings indicates that Plaintiffs made any representations (either orally or through their conduct) about their intellectual property rights to Defendants; that Plaintiffs delayed in bringing this action; or that Defendants suffered any prejudice as a result of any conduct by Plaintiffs. Thus, there is no question of fact or law that might allow an acquiescence defense to succeed, and the defense is therefore insufficient as a matter of law.

### iv. Laches

■ A showing of delay and prejudice is also vital to the defense of laches. Laches "bars a claim when a defendant has suffered prejudice because of a plaintiff's unreasonable and inexcusable delay in bringing the claim." *Legislator 1357 Ltd. v. Metro–Goldwyn–Mayer, Inc.,* 452 F.Supp.2d 382, 391 (S.D.N.Y.2006) (citing *New Era Publ'ns Int'l v. Henry Holt & Co.,* 873 F.2d 576, 584 (2d Cir.1989)); *see also ProFitness,* 314 F.3d at 67.

Here, Defendants assert that "Plaintiffs' claims are barred by . . . laches." (Kmart

Ans. at 24; SHC Ans. at 23; 24 Seven Ans. at 14.) However, again, the pleadings lack any facts supporting a laches defense. There is no indication in the pleadings that Plaintiffs delayed in bringing this action or that Defendants suffered any prejudice as a result of any conduct by Plaintiffs. Thus, there is no question of fact or law that might allow a laches defense to succeed, and the defense is therefore insufficient as a matter of law.

### v. Waiver

■ Waiver is the intentional relinquishment of a known right. *See e.g., Voest–Alpine Int'l Corp. v. Chase Manhattan Bank, N.A.,* 707 F.2d 680, 685 (2d Cir.1983). "To establish waiver under New York law one must show that the party charged with waiver relinquished a right with both knowledge of the existence of the right and an intention to relinquish it." *Id.*

Here, Defendants assert that "Plaintiffs' claims are barred by … waiver." (Kmart Ans. at 24; SHC Ans. at 23; 24 Seven Ans. at 14.) The pleadings, however, lack any facts supporting a waiver defense. It is at best unclear how a waiver defense would apply here. There is no indication that Plaintiffs have intentionally relinquished any rights. Thus, there is no question of fact or law that might allow a waiver defense to succeed, and the defense is therefore insufficient as a matter of law.

### 2. Prejudice

Inclusion of the above legally insufficient defenses would prejudice plaintiffs. Litigating these defenses would increase the duration and expense of trial. *See e.g., Estee Lauder,* 189 F.R.D. at 272. Specifically, Plaintiffs would incur increased discovery costs in having to explore the factual basis for these defenses.

Accordingly, Plaintiff's motion to strike Kmart and SHC's Fourth and 24 Seven's Sixth Affirmative Defenses is granted.

### D. Copyright Misuse

Plaintiffs also move to strike Kmart and SHC's Sixth Affirmative Defense: copyright misuse.

### 1. Legal Sufficiency

■ Generally, the doctrine of copyright misuse bars copyright owners from recovering for infringement where they have extended the scope of their copyrights to control areas outside of their copyright monopoly. *See Coleman v. ESPN, Inc.,* 764 F.Supp. 290, 295 (S.D.N.Y.1991); *Bourne v. Walt Disney Co.,* 2003 WL 721405, *3–4 (S.D.N.Y. Mar. 3, 2003); *UMG Recordings, Inc. v. Lindor,* 531 F.Supp.2d 453, 458 (E.D.N.Y.2007) (citing 4–13 Nimmer on Copyright § 13.09 (2007)). Copyright misuse, however, "is not firmly established" as an affirmative defense in the Second Circuit, and it is unsettled whether the defense is applicable absent a violation of the antitrust laws. *Shady Records, Inc. v. Source Enters., Inc.,* 2005 WL 14920, at *15 (S.D.N.Y. Jan. 3, 2005) (citing *Reliability Research Inc. v. Computer Assocs. Intn'l, Inc.,* 793 F.Supp. 68 (E.D.N.Y.1992)). Some courts have indicated that the doctrine of copyright misuse applies only in the antitrust context. *See Assessment Techs. of WI, LLC v. WIREdata, Inc.,* 350 F.3d 640, 647 (7th Cir.2003) (noting that the Seventh Circuit "had intimated skepticism" that copyright misuse could be a defense to an infringement action where plaintiff's conduct did not rise "to the level of an antitrust violation"). Other courts, however, have taken a broader approach, holding that copyright misuse applies to any attempt to broaden the scope of a copyright monopoly that violates the public policy underlying copyright law. *See e.g., Lasercomb Am., Inc. v. Reynolds,* 911 F.2d 970, 978 (4th Cir.

1990) (explaining that "[t]he question is not whether the copyright is being used in a manner violative of antitrust law ... but whether the copyright is being used in a manner violative of the public policy embodied in the grant of a copyright."); *Practice Mgmt. Info. Corp. v. Am. Medical Assoc.*, 121 F.3d 516, 521 (9th Cir.1997) (holding that defendant did not have to prove an antitrust violation to prevail on a copyright misuse defense).

Here, Kmart and SHC assert that "Plaintiff's copyright infringement claims are barred by the doctrine of copyright misuse." (Kmart Ans. at 24; SHC Ans. at 24.) Assuming that copyright misuse is a cognizable defense to infringement in the Second Circuit and that it occurs when a copyright owner extends the scope of her limited copyright monopoly either in violation of the antitrust laws or in violation of the public policy embodied in the copyright grant, the pleadings here lack any facts that would support such a defense. Even the most generous reading of the pleadings does not suggest any conduct by Plaintiffs, let alone anticompetitive conduct, that would indicate an attempt to extend the scope of their Coach Op Art Copyright beyond the limited monopoly granted to them. Thus, there is no question of fact or law that might allow a copyright misuse defense to succeed, and the defense is therefore insufficient as a matter of law.

### 2. Prejudice

For the same reasons discussed above, Plaintiffs would be prejudiced by the increased time and expense that would result in litigating a legally insufficient copyright misuse defense. Once again, Plaintiffs would needlessly incur increased discovery costs in having to explore the factual grounds for this defense. In fact, a copyright misuse defense could greatly expand the scope of discovery by raising issues about how Plaintiffs have used their copyrights in contexts outside the scope of the current litigation.

Accordingly, Plaintiffs' motion to strike Kmart and SHC's Sixth Affirmative Defense is granted.

### E. Unclean Hands

Plaintiffs also move to strike 24 Seven's Fifth Affirmative Defense: unclean hands.

#### 1. Legal Sufficiency

■■■■ The doctrine of unclean hands "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief". *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814, 65 S.Ct. 993, 89 L.Ed. 1381 (U.S. 1945). The "fundamental principle that 'he who comes into equity must come with clean hands'" applies to Lanham Act claims. *Stokely–Van Camp, Inc. v. Coca–Cola Co.*, 646 F.Supp.2d 510, 532 (S.D.N.Y. 2009) (quoting *Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104, 107 (2d Cir.2000)). And it is "well-settled" in trademark law that "the defense of unclean hands applies only with respect to the right in suit." *Yurman Design, Inc. v. Golden Treasure Imports, Inc.*, 275 F.Supp.2d 506, 518 (S.D.N.Y.2003) (quoting *Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*, 13 F.Supp.2d 430, 445 (S.D.N.Y.1998)) (internal quotations omitted). Filing a trademark or trade dress infringement lawsuit, therefore, cannot be a basis for an unclean hands defense to that lawsuit because any bad faith or inequitable conduct in filing the lawsuit is unrelated to the plaintiff's acquisition or use of the trademark or trade dress rights. *See Id.* (holding that plaintiff's alleged bad faith in bringing "frivolous and unfounded" trade dress infringement claims could not be the basis of an unclean hands defense to those claims); *see also Liz Claiborne*, 13

F.Supp.2d at 445 ("the act of bringing suit is not, itself, the matter concerning which a plaintiff seeks relief") (quoting *Sears Roebuck & Co. v. Sears plc*, 744 F.Supp. 1297, 1310 (D.Del.1990)); J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 31:51 (2010) ("[T]he allegedly unfair filing of a trade mark infringement lawsuit cannot itself constitute a basis for an unclean hands defense to that lawsuit.").

Here, 24 Seven alleges that "by bringing this action and knowing that the goods in issue are not counterfeit goods," Plaintiffs have acted with unclean hands. (24 Seven Ans. at 14.) Plaintiffs' alleged conduct in filing this suit, however, cannot be the basis of an unclean hands defense because it is unrelated to Plaintiffs' obtaining or using the rights in suit.[4] Moreover, the pleadings, construed in the light most favorable to Defendants, lack any other allegations of inequitable or bad faith conduct by Plaintiffs. Thus, there is no question of fact or law that might allow 24 Seven's unclean hands defense to succeed, and the defense is therefore insufficient as a matter of law.

### 2. Prejudice

For the same reasons discussed above, Plaintiffs would be prejudiced by the increased time and expense, including unnecessary discovery costs that would result from litigating a legally insufficient unclean hands defense.

Accordingly, Plaintiffs' motion to strike 24 Seven's Fifth Affirmative Defense is granted.

---

**4.** In addition, 24 Seven's assertion is circular; if Plaintiffs goods are not counterfeit, regardless of whether or not Plaintiffs knew this, then Plaintiffs would not be entitled to any equitable relief and the unclean hands defense would be superfluous.

### F. Failure to Mitigate Damages

Plaintiffs also move to strike Kmart and SHC's Ninth Affirmative Defense that "Plaintiffs' request for recovery for infringement is barred to the extent that Plaintiffs failed to mitigate damages." (Kmart Ans. at 24; SHC Ans. at 24.) 24 Seven similarly asserts that "Plaintiff[s'] request for recovery from infringement is barred to the extent that Plaintiff's failed to negotiate damages." (24 Seven Ans. at 15.) Defendants did not respond to Plaintiffs' contention that this Court should strike 24 Seven's failure to negotiate damages defense and this Court has not found any case where this is a viable affirmative defense. Thus, for purposes of this motion, the Court will assume that 24 Seven's failure to negotiate damages defense is the same as a failure to mitigate damages defense, as asserted by Kmart and SHC.

### 1. Legal Sufficiency

Defendants are correct that "New York's courts adhere to the universally accepted principle that a harmed plaintiff must mitigate damages." *Air Et Chaleur, S.A. v. Janeway*, 757 F.2d 489, 494 (2d Cir.1985) (citing *Wilmot v. State*, 32 N.Y.2d 164, 168–69, 344 N.Y.S.2d 350, 297 N.E.2d 90 (N.Y.1973)). This doctrine will apply where an injured party failed to make "reasonable exertions to render the injury as light as possible". *Wilmot*, 32 N.Y.2d at 168, 344 N.Y.S.2d 350, 297 N.E.2d 90 (quoting *Hamilton v. McPherson*, 28 N.Y. 72, 77 (N.Y.1863)). Here, however, it is at best unclear from the pleadings how this doctrine would apply to Plaintiffs' claims.[5] Based on even the

---

**5.** Notably, this defense is most commonly applied in breach of contract and tort actions. *See e.g., Cornell v. T.V. Dev. Corp.*, 17 N.Y.2d 69, 74, 268 N.Y.S.2d 29, 215 N.E.2d 349 (N.Y.1966) (applying failure to mitigate damages defense in breach of contract action); *Dombrowski v. Moore*, 299 A.D.2d 949, 951,

most generous reading of the pleadings, there is no indication that Plaintiffs failed to take reasonable efforts to mitigate any of their alleged damages. Thus, there is no question of fact or law that might allow Defendants' failure to mitigate damages defense to succeed, and the defense is therefore insufficient as a matter of law.

### 2. Prejudice

For the same reasons discussed above, Plaintiffs would be prejudiced by the increased time and expense, including unnecessary discovery costs that would result in litigating a legally insufficient failure to mitigate damages defense.

Accordingly, Plaintiffs' motion to strike Defendants' Ninth Affirmative Defenses is granted.

### G. Denials of Liability

■ Plaintiffs also move to strike several affirmative defenses that Plaintiffs argue are not "genuine affirmative defenses" but merely denials of liability. (*See* Pls.' Memo. at 20–22; Pls.' Rep. Memo. at 5.) This includes the following assertions: (1) Defendants have not infringed Plaintiffs' copyrights, trademarks or trade dress (Kmart and SHC's First Affirmative Defense (Kmart Ans. at 23; SHC Ans. at 23) and 24 Seven's Seventh Affirmative Defense (24 Seven Ans. at 14)); (2) Plaintiffs are not entitled to statutory damages under 15 U.S.C. § 1117(c) because Defendants' goods do not use a counterfeit mark (Kmart and SHC's Third Affirmative Defense (Kmart Ans. at 24; SHC Ans. at 23) and 24 Seven's Fourth Affirmative Defense (24 Seven Ans. at 14)); (3) Plaintiffs are not entitled to statutory copyright

damages or attorney fees because the copyright registration was filed more than three months after Plaintiffs' OP Art design was published and after the alleged infringement (Kmart and SHC's Second Affirmative Defense (Kmart Ans. at 24; SHC Ans. at 23) and 24 Seven's Second Affirmative Defense (24 Seven Ans. at 13)); (4) Defendants' goods do not use a counterfeit mark (24 Seven's Third Affirmative Defense (24 Seven Ans. at 14)); and (5) Plaintiffs' copyrights, trademarks and trade dress are invalid and unenforceable (Kmart and SHC's Seventh and Tenth Affirmative Defenses (Kmart Ans. at 24; SHC Ans. at 24) and 24 Seven's Seventh Affirmative Defense (24 Seven Ans. at 14)).

Plaintiffs are correct that the above defenses are "nothing more than mere denials" of liability. (Pls.' Rep. Memo. at 5.) However, the inclusion of these defenses, although redundant, does not prejudice Plaintiffs. *See Lopez v. Resort Airlines, Inc.,* 18 F.R.D. 37, 40 (S.D.N.Y.1955) (holding that although a general denial labeled as an affirmative defense "may be redundant as an affirmative pleading of matter which could be proved under a general denial," there is no prejudicial harm); *Oppel v. Empire Mutual Ins. Co.,* 92 F.R.D. 494, 498 (S.D.N.Y.1981) (same).

Accordingly, Plaintiffs' motion to strike Kmart and SHC's First, Second, Third, Seventh and Tenth Affirmative Defenses and 24 Seven's Second, Third, Fourth, and Seventh, Affirmative Defenses is denied.

### H. Failure to State a Claim Defense

Finally, Plaintiffs move to strike 24 Seven's First Affirmative Defense that "Plain-

---

752 N.Y.S.2d 183 (N.Y.Sup.Ct.2002) (applying failure to mitigate damages defense in medical malpractice action seeking damages for personal injury). Defendants have not cited

to, and this Court has not found, any case applying a mitigation of damages defense to claims similar to those asserted by Plaintiffs.

**432**

tiffs failed to state any claim upon which relief can be granted". (24 Seven Ans. at 13.)

■■■■ It is well settled, however, that a failure-to-state-a-claim defense can properly be asserted as an affirmative defense in an answer. *S.E.C. v. Toomey,* 866 F.Supp. 719, 723 (S.D.N.Y.1992) (citing *Rosenblatt v. United Air Lines,* 21 F.R.D. 110, 111 (S.D.N.Y.1957)). And a failure-to-state-a-claim defense is not vulnerable to motions to strike because the defense is analogous to a general denial and its inclusion, although likely redundant, does not prejudice plaintiffs. *See Toomey,* 866 F.Supp. at 723 (denying motion to strike failure to state a claim defense because there was no prejudicial harm to plaintiff); *Oppel,* 92 F.R.D. at 498 (same).

Accordingly, Plaintiffs' motion to strike 24 Seven's First Affirmative Defense is denied.

### CONCLUSION

Plaintiffs' motion to strike is GRANTED to the extent described above, and is otherwise DENIED.

SO ORDERED.