**LUMETRICS, INC., Plaintiff,**

v.

**BRISTOL INSTRUMENTS, INC., Defendant.**

No. 6:15–CV–6008 EAW.

United States District Court, W.D. New York.

Signed April 28, 2015.

Mark T. Vogelbacker, Reed Smith LLP, Philadelphia, PA, Richard A. McGuirk, Andrew Peter Zappia, LeClairRyan, Rochester, NY, for Plaintiff.

Robert C. Weissflach, Harter Secrest and Emery LLP, Buffalo, NY, Kimberly I. Shimomura, Harter, Secrest and Emery, LLP, Rochester, NY, for Defendant.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

### INTRODUCTION

Plaintiff Lumetrics, Inc. ("Plaintiff") brings the instant action against Defendant Bristol Instruments, Inc. ("Defendant") alleging that Defendant engaged in copyright infringement, misappropriation

and inducement of misappropriation of trade secrets, and common law unfair competition. (Dkt. 1). Plaintiff filed its complaint on January 6, 2015 (*id.*), and Defendant filed its answer on January 28, 2015 (Dkt. 6). On February 23, 2015, Plaintiff filed a motion pursuant to Fed.R.Civ.P. 12(f) and 9(b) seeking to strike Defendant's fourth and seventh affirmative defenses and contending that these affirmative defenses alleging fraud and copyright misuse lacked the requisite factual particularity. (Dkt. 15). On March 20, 2015, Defendant responded to Plaintiff's motion to strike and cross-moved to amend its answer. (Dkt. 19). Defendant seeks to amend its answer to provide further factual allegations in support of its fourth and seventh defenses. (*Id.*).

Because Defendant's proposed amended answer corrects any deficiencies in the fourth and seventh affirmative defenses, Defendant's motion to amend its answer is granted, and Plaintiff's motion to strike is denied as moot.

## DISCUSSION

### I. Plaintiff's Motion to Strike Defendant's Fourth and Seventh Affirmative Defenses

■ Fed.R.Civ.P. 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "Motions to strike affirmative defenses are generally disfavored." *Walsh v. City of New York*, 585 F.Supp.2d 555, 557 (S.D.N.Y.2008) (quotation omitted). " '[T]o prevail on a motion to strike: (1) there must be no question of fact which might allow the defense to succeed; (2) there may be no substantial question of law, a resolution of which could allow the defense to succeed; and (3) the moving party must show that it is prejudiced by the inclusion of the defense.' " *Tardif v. City of New York*, 302

F.R.D. 31, 32 (S.D.N.Y.2014) (quoting *Cognex Corp. v. Microscan Sys., Inc.*, 990 F.Supp.2d 408, 418 (S.D.N.Y.2013)).

Plaintiff seeks to strike Defendant's fourth and seventh affirmative defenses under Fed.R.Civ.P. 12(f) and 9(b). (Dkt. 15). Defendant's fourth affirmative defense alleges: "Plaintiff's claims are barred by the doctrines of unclean hands, fraud on the Copyright Office, and/or estoppel." (Dkt. 6 at ¶ 103). Defendant's seventh affirmative defense alleges: "Plaintiff's copyright claims are barred in whole or in part by copyright misuse." (*Id.* at ¶ 106).

Plaintiff contends that these affirmative defenses fail to allege fraud with particularity as required by Fed.R.Civ.P. 9(b). (Dkt. 15–1 at 7) (citing *Yurman Design, Inc. v. Chaindom Enters., Inc.*, No. 99 Civ. 9307(JFK), 2002 WL 31358991, at *2 (S.D.N.Y. Sept. 30, 2002)) ("Defendants must plead their affirmative defenses alleging fraud with the particularity required by Fed.R.Civ.P. 9(b).").

■ Fed.R.Civ.P. 9(b) requires that a pleading: " '(1) specify the statements that the [party] contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.' " *Stevelman v. Alias Research, Inc.*, 174 F.3d 79, 84 (2d Cir.1999) (quoting *Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 51 (2d Cir.1995)).

· Plaintiff contends that Defendant's fourth affirmative defense lacks any facts "setting forth the speaker of the allegedly fraudulent statements, or the *time* and *place* the statements were made." (Dkt. 15–1 at 9) (emphasis in original). Plaintiff further argues that Defendant "fails to explain *why* the statements were allegedly fraudulent, much less even detail *what* statements were made that were allegedly fraudulent." (*Id.*) (emphasis in original). As a result, Plaintiff requests that the

Court strike Defendant's fourth affirmative defense for failure to satisfy the heightened pleading standard required for a fraud claim. (*Id.*).

Plaintiff argues that Defendant's seventh affirmative defense alleging copyright misuse lacks sufficient facts to demonstrate the basis upon which Defendant could prevail on the claim, and as a result, this defense must be stricken. (*Id.*) (citing *UMG Recordings, Inc. v. Lindor,* 531 F.Supp.2d 453, 459 (E.D.N.Y.2007); *Ass'n of Am. Med. Colls. v. Princeton Review, Inc.,* 332 F.Supp.2d 11, 22–25 (D.D.C. 2004)). Plaintiff argues that permitting Defendant to proceed with its copyright misuse affirmative defense without pleading any supporting factual allegations would be "onerous and prejudicial" to Plaintiff. (*Id.* at 10).

■ Defendant does not contest the assertion that additional facts are required to support its fourth and seventh affirmative defenses, but instead requests that the Court permit Defendant to amend its answer to provide additional factual support. (Dkt. 19). For the reasons set forth below, Plaintiff's motion to strike is denied as moot in light of the Court's decision to grant Defendant's motion for leave to amend.

## II. Defendant's Motion for Leave to Amend

■ Federal Rule of Civil Procedure 15(a) allows a litigant to amend a pleading by leave of court. Under this rule, "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir.2007).

Defendant moves to amend its answer to provide supporting factual allegations for its fourth and seventh affirmative defenses of fraud on the Copyright Office and copy-

right misuse. (Dkt. 19). Plaintiff counters that Defendant's "proposed amended allegations of fraud and copyright misuse still fail to satisfy Fed.R.Civ.P. 12(b)(6) and 9(b)," and because Defendant's proposed amendments would be futile, Defendant's cross-motion to amend should be denied. (Dkt. 23 at 5).

■ "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy,* 482 F.3d at 200. "If the amendment proposed by the moving party is futile, it is not an abuse of discretion to deny leave to amend." *Indus. Tech. Ventures, L.P. v. Pleasant T. Rowland Revocable Trust,* 280 F.R.D. 86, 92 (W.D.N.Y.2012) (quotation omitted). "An amendment is futile 'if the proposed amended [pleading] would be subject to "immediate dismissal" for failure to state a claim or on some other ground.'" *Cepeda v. Urban,* No. 12–CV–00408(F), 2014 WL 2587746, at *12 (W.D.N.Y. June 10, 2014) (quoting *Jones v. New York Div. of Military & Naval Affairs,* 166 F.3d 45, 55 (2d Cir.1999)). "The party opposing a motion to amend bears the burden of establishing that an amendment would be futile." *Ferring B.V. v. Allergan, Inc.,* 4 F.Supp.3d 612, 618 (S.D.N.Y.2014).

### A. Fourth Affirmative Defense— Fraud on the Copyright Office

■ "[A] defendant in a copyright infringement case may claim fraud on the copyright office as a defense to rebut [the] presumption of [copyright] validity." *Kwan v. Schlein,* No. 05 Civ. 0459(SHS)(JCF), 2008 WL 4755345, at *3 (S.D.N.Y. Oct. 30, 2008). "A party asserting fraud on the Copyright Office must establish (1) that the application for copyright registration is factually inaccurate; (2) that the inaccuracies were willful or

deliberate; and (3) that the Copyright Office relied on those misinterpretations." *Varsity Brands, Inc. v. J & M Spirit Wear, Inc.,* No. 09 Civ. 1795(PKC), 2009 WL 3401182, at *2 (S.D.N.Y. Oct. 19, 2009).

Plaintiff contends that Defendant fails to allege that Plaintiff had specific intent to deceive the Copyright Office, and that therefore Defendant's allegation of fraud must fail under the heightened pleading standard. (Dkt. 23 at 9–10). Plaintiff further contends that Defendant has failed to allege facts with particularity to support its fraud claim. (*Id.* at 10).

In its proposed amended answer, Defendant has added over thirty paragraphs to its fourth affirmative defense, containing detailed allegations of Plaintiff's purported efforts to deceive the Copyright Office with misstatements of fact. (Dkt. 19–3 at ¶¶ 103–36). Defendant has alleged that Plaintiff's application for copyright registration was factually inaccurate because Plaintiff did not disclose on its application that its software was based on and/or derivative of open source software, which would have been material to the Copyright Office's determination as to the "originality and copyrightable nature of the work." (*Id.* at ¶¶ 127–33). In addition, Defendant has alleged that the Copyright Office relied upon the misrepresentations made by Plaintiff, and in part, was deceived due to the expedited nature in which Plaintiff sought to have its applications considered. (*Id.* at ¶ 133). In proposed paragraph 133 of the amended answer, Defendant· alleges: "Lumetrics' omission of this material information and the resulting misrepresentation of the nature of its work was deliberate and intentional." (*Id.*). As a result, Defendant has sufficiently alleged the elements of fraud on the Copyright Office, including Plaintiff's intent to deceive. Indeed, "[s]ince direct evidence of deceptive intent is rarely available, subjective intent to deceive can be inferred from indirect and circumstantial evidence." *MPC Franchise, LLC v. Tarntino,* 19 F.Supp.3d 456, 478 (W.D.N.Y.2014) (quotation omitted).

Defendant has also alleged sufficient facts to satisfy the heightened pleading standard of Fed.R.Civ.P. 9(b). Defendant plainly specifies that Plaintiff made false statements on its June 2, 2014 copyright registration application insofar as Plaintiff did not disclose that its software was based on and/or derivative of open source software. (Dkt. 19–3 at ¶¶ 103–36). Defendant asserts that these statements were fraudulent based on testimony of Plaintiff's former employee that the software was based on "python programming language," and was therefore "based on and/or derivative of open source software," which must be disclosed on a copyright registration application. (*Id.* at ¶¶ 127–32). As a result, Defendant has sufficiently alleged: (1) statements that it contends were fraudulent; (2) the speaker; (3) where and when the statements were made; and (4) why the statements were fraudulent. *See Stevelman,* 174 F.3d at 84.

**B. Seventh Affirmative Defense—Copyright Misuse**

"Generally, the doctrine of copyright misuse bars copyright owners from recovering for infringement where they have extended the scope of their copyrights to control areas outside of their copyright monopoly." *Coach, Inc. v. Kmart Corps.,* 756 F.Supp.2d 421, 428 (S.D.N.Y.2010). "While the Second Circuit Court of Appeals has never formally endorsed the affirmative defense of copyright misuse, a number of district courts in this circuit have refused to strike such a defense...." *Saks Inc. v. Attachmate Corp.,* No. 14 Civ. 4902(CM), 2015 WL 1841136, at *12 (S.D.N.Y. Apr. 17, 2015). "Some

courts have indicated that the doctrine of copyright misuse applies only in the anti-trust context. . . . Other courts, however, have taken a broader approach, holding that copyright misuse applies to any attempt to broaden the scope of a copyright monopoly that violates the public policy underlying copyright law." *Coach*, 756 F.Supp.2d at 428–29 (quotations omitted).

■■■■ The Court need not determine at this early stage whether the doctrine of copyright misuse is applicable under the circumstances of the case. In its proposed amended answer, Defendant asserts that Plaintiff inappropriately used multiple copyright registrations obtained fraudulently for the purposes of supporting its varied lawsuits with no good-faith basis to claim that the registrations were related to Defendant or its products. (Dkt. 19–3 at ¶¶ 103–42). Defendant argues that "[t]his improper attempt to expand the scope of those copyright registrations and/or to gain a competitive advantage supports the defense of copyright misuse." (Dkt. 25 at 9).

Plaintiffs sole argument opposing the amendment of Defendant's seventh affirmative defense is that because Defendant relies on its allegations of fraud in the fourth affirmative defense to support its copyright misuse defense, Defendant's misuse claim is "futile for the same reasons that its amended claim of fraud on the Copyright Office is futile." (Dkt. 23 at 11). The Court has already determined that Defendant sufficiently alleged its allegations of fraud in the fourth affirmative defense.

In sum, Plaintiff has failed to meet its burden to demonstrate that an amendment would be futile, and therefore Defendant is granted leave to amend its answer to provide additional factual allegations in support of its affirmative defenses.

## CONCLUSION

For the foregoing reasons, Defendant's motion to amend its answer is granted, and Plaintiff's motion to strike is denied as moot. Defendant is directed to file its amended answer as proposed (Dkt. 19–3) within 20 days of the filing of this Decision and Order.

SO ORDERED.